## MAN–SEW PINKING ATTACHMENT CORPORATION v. CHANDLER MACH. CO. et al.

### No. 297.

District Court, D. Massachusetts.

Sept. 27, 1939.

Herbert A. Baker, of Boston, Mass., and M. C. Lyddane, of New York City, for plaintiff.

Cyrus Kehr & Swecker, of Washington, D. C., for defendants.

FORD, District Judge.

This case involves a suit for infringement of a patent. The complaint alleges the defendant, Chandler Machine Company, manufactured and sold the alleged infringing machines and the defendant, Alexander J. Mitchell, also sold machines manufactured by the Chandler Machine Company. The complaint further includes a claim for unfair competition on the part of the Chandler Machine Company founded on the latter's use, in advertising its product, of window cards and circulars closely similar to those used by the plaintiff in describing the features of its device, together with the sale by the defendant Chandler Machine Company of its product at ridiculously low prices with the intent to destroy the business of the plaintiff.

The defendants filed a motion entitled "Motion to Dismiss for Multifariousness" based on the contention that "The complaint filed herein alleges two separate and distinct non-related causes of action against the respective defendants," asserting the charge of manufacturing against the Chandler Machine Company is separate and distinct from that of selling on the part of the defendant Alexander J. Mitchell. Upon the same ground the defendants move for dismissal, because of the claim of unfair competition against the Chandler Machine Company in the complaint and the absence of any such charge against the defendant Mitchell.

Although the motion is entitled "Motion to Dismiss for Multifariousness" it seems that a better title for it would be "Motion to Dismiss for Misjoinder of Causes of Action."

Rule 18 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, permits the joinder of causes of action or claims and authorizes a like joinder of claims when there are multiple parties, if the requirements of Rule 20 are satisfied. The latter rule states: " * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

Whatever merit there is in the contention of the defendants that a charge of infringement by manufacturing and selling and one of merely selling presents no question of law or fact common to all the defendants, it is unnecessary to consider, inasmuch as it seems perfectly plain that there is no sameness of law or fact in the charge of unfair competition against the Chandler Machine Company based upon a

set of facts entirely outside of those alleged as constituting infringement and that of selling alleged infringing devices by the defendant Mitchell. These are separate and distinct causes of action. For this reason it does not appear that the plaintiff had the right to join these two causes of action against these separate defendants.

This leads me to the conclusion that the claims against these parties under the provisions of Rule 21 should be severed and proceeded with separately.