PATRICK F. O'HARA et al., Plaintiffs, v. JOSEPH J. GANNON et al., Defendants.

Supreme Court, Special Term, Albany County, January 8, 1951.

*Herbert J. Brown* for Monroe L. Dix and others, defendants.

*Leonard E. Friedlander* for Joseph J. Gannon and others, defendants.

*Francis J. Duffy* for plaintiffs.

TAYLOR, J.  The defendants, Dix, Weiss and Duratile Of The East, Inc., have moved to sever each of three causes of action alleged in the complaint on the ground of a misjoinder of the parties and the causes of action.

Analysis of the complaint shows that the first cause of action seeks the specific performance of an alleged option agreement between the defendants Gannon and McMackins on the one hand and the plaintiff, Patrick F. O'Hara, and the defendant, Monroe L. Dix, on the other hand and to require the former to

surrender up and deliver, properly indorsed for transfer to the latter, certain shares of stock in the defendant corporation. No personal claim is made therein against the defendants Dix, Beamer or Weiss, except the defendants Dix in their capacities as officers of the defendant corporation to the extent of requiring them to carry out any mandate of the court, or against the corporate defendant, except to the end that it may be bound by any judgment and decree of the court. The second cause of action is a derivative action by the plaintiff, Patrick F. O'Hara, suing in his own behalf and in behalf of all other stockholders of the defendant corporation, against the defendants Beamer and Gannon to declare an agreement to issue fifty shares of the capital stock of the defendant corporation to them as a bonus null and void on the grounds of *ultra vires,* lack of consideration and legal unenforcibility. The third cause of action is one instituted by both plaintiffs against the defendants Dix and Duratile Of The East, Inc. requiring them to issue two and one-half shares of the capital stock of that corporation in accordance with an assignment and transfer thereof heretofore made by the plaintiff, Patrick F. O'Hara, to his wife and another, together with $50 damages.

Upon the recommendation of the Judicial Council, the Legislature by chapter 147 of the Laws of 1949 revised, codified and modernized the sections of the Civil Practice Act to provide an entire scheme for the permissive joinder of parties and causes of action. Section 211 which had authorized the free joinder of defendants generally and section 209 which required as a prerequisite to the joinder of plaintiffs a common question of fact or of law and the assertion of the right to relief in respect of or arising out of the same transaction or series of transactions were repealed as was section 213 which had to do also with the joinder of defendants. The provisions of the first two sections referred to were integrated in section 212 as subdivisions 1 and 2 thereof thereby providing that the same tests should control the joinder of defendants as former section 209 had required for the joinder of plaintiffs and conformed the language of the new section accordingly. Section 212 was retained in modified form and became subdivision 3 of the new section. This new section was modeled upon rule 20 of the Federal Rules of Civil Procedure. At the same time, the Legislature also amended section 258 which had authorized the joinder of two or more causes of action expressly to authorize joinder of inconsistent or alternate causes of action and to

provide that the principle of free joinder of causes of action should govern also in cases involving multiple parties subject only to compliance with the requirements of joinder of parties provided in section 212. (Cf. Fifteenth Annual Report of N. Y. Judicial Council, 1949, p. 213 *et seq.*)

The amended sections now read as follows: " § 212. *Permissive joinder of parties.* 1. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them would arise in the action. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief. 2. *All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them would arise in the action.* Judgment may be given according to their respective liabilities, against one or more defendants as may be found to be liable upon all of the evidence, without regard to the party by whom it has been introduced. 3. It shall not be necessary that each plaintiff shall be interested in obtaining, or each defendant be interested in defending against all the relief demanded, or as to every cause of action included in any proceeding; but the court may order separate trials or make such other orders as will prevent a party from being prejudiced, delayed, or put to expense by the joinder of a party against whom he asserts no claim and who asserts no claim against him." (Italics supplied.) " § 258. *Joinder of causes of action.* The plaintiff may join in the same complaint two or more independent or alternate causes of action, regardless of consistency, whether they are such as were formerly denominated legal or equitable, provided that upon the application of any party the court may in its discretion direct a severance of the action or separate trials whenever required in the interests of justice. *There may be a like joinder of causes of action when there are multiple parties and the requirements for joinder of parties are satisfied.*" (Italics supplied.)

Since there are multiple parties, in order to justify the union of these causes of action in one complaint, two conditions are required to be present: (1) they must assert the right to relief in respect of or arising out of the same transaction or occur-

rence or series of transactions or occurrences, and (2) they must present common questions of law or of fact. The same conditions must also exist for the proper joinder of the defendants in the action. (Civ. Prac. Act, §§ 212, 258, *supra*.) Clearly those requirements are lacking here. (*Kelso* v. *Cavanagh*, 137 Misc. 653; *Hahn* v. *Fuerth*, 264 App. Div. 524; *Federal Housing Administrator* v. *Christianson*, 26 F. Supp. 419; *Man-Sew Pinking Attachment Corp.* v. *Chandler Mach. Co.*, 29 F. Supp. 480; *Great Northern Tel. Co.* v. *Yokohama Specie Bank*, 297 N. Y. 135.) That all three of the causes of action are asserted to stem from a single general controversy arising from the affairs of the defendant corporation, its capital stock and the conduct of its officers is insufficient without a concomitant showing that the united causes of action have the basically unifying elements required by the statutes which permit joinder.

As a matter of law and not of judicial discretion, the motion is granted and the plaintiffs are directed to serve amended complaints stating their individual causes of action within ten days after the service on their attorneys of a copy of the order to be entered hereon with notice of entry.

Settle order on three days' notice.