Newton J. STANFORD and Nina H. Stanford, Plaintiffs,

v.

TENNESSEE VALLEY AUTHORITY, Monsanto Chemical Company, and Armour & Company, Defendants.

Civ. A. No. 227.

United States District Court
M. D. Tennessee, Columbia Division.

Sept. 7, 1955.

Charles L. Cornelius, Jr., Nashville, Tenn., for plaintiffs.

Lon P. MacFarland, Columbia, Tenn., W. W. Schneider, St. Louis, Mo., and Frierson & Queener, Columbia, Tenn., for defendant Monsanto Chemical Co.

William Waller, Sr., Nashville, Tenn., and Pride Tomlinson, Jr., Columbia, Tenn., for defendant Armour & Co.

WILLIAM E. MILLER, District Judge.

The action is before the Court upon the separate motions of defendants, Monsanto Chemical Company and Armour & Company, to dismiss and for alternative relief. The grounds of the motion will be separately discussed.

By an agreed order heretofore entered, the action was dismissed as to the Tennessee Valley Authority, with the result that the complaint, as it is presently framed, seeks to recover damages from the defendants, Monsanto Chemical Company and Armour & Company, jointly and severally, allegedly caused by fluorine gas fumes emitted from the plants of the said defendants located within the vicinity of the plaintiffs' property.

Both defendants move the Court to dismiss the action upon the ground that there is a misjoinder of defendants. It is insisted first, that the defendants, as shown by the averments of the complaint, are not joint tort feasors, and secondly, that the conditions required by Rule 20 of the Federal Rules of Civil Procedure for a permissive joinder of defendants, are not present.

In the alternative, both defendants, in the event the motions to dismiss are overruled, request the Court to order a severance of the claims, requiring that the plaintiffs' claim against each defendant be tried separately.

■ It appears to be altogether clear from the Tennessee decisions that the defendants, upon the facts set forth in the complaint, are not joint tort feasors and that under the Tennessee practice they may not be joined for the purposes of trial. Swain v. Tennessee Copper Co., 111 Tenn. 430, 78 S.W. 93; Madison v. Ducktown Sulphur, Copper & Iron Co., 113 Tenn. 331, 83 S.W. 658; Hale v. City of Knoxville, 189 Tenn. 491, 226 S.W.2d 265, 15 A.L.R.2d 1283.

■ But the right to join the defendants for trial, being procedural rather than substantive in character, is governed by the Federal Rules of Civil Procedure, 28 U.S.C.A., and not by the practice obtaining in the state courts.

Rule 20 of the Federal Rules of Civil Procedure permits all persons to be joined in one action as defendants "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

■ An analysis of the complaint discloses that the defendants' plants are separately owned and operated and that they are located at different distances from the plaintiffs' property. Their activities are separate and distinct from each other although they are engaged in the same general type of business. There is nothing on the face of the complaint from which it could be concluded that the plaintiffs' claims against the two defendants arise out of the same transaction or occurrence, or out of the same series of transactions or occurrences. The transactions are separate as to each defendant. It follows, therefore, that there is a misjoinder of defendants.

Such misjoinder under Rule 21 is not ground for dismissal of the action, but at most would require that the claims be severed and proceeded with separately. On the other hand, Rule 42 authorizes the Court to order a joint hearing or trial of any or all matters in issue in the actions, or to consolidate the actions, if they involve "a common question of law or fact".

In the instant case, it would appear from the averments of the complaint that common questions of law and fact are sufficiently involved to meet the requirements of Rule 42. In the first place, there is a question as to whether the plaintiffs have a cause of action for a permanent nuisance or one of a temporary or recurring nature, a mixed question of law and fact common to both defendants. Also, on a strictly factual basis, the actions against both defendants involve the question whether the fluorine gas fumes are capable of

producing and in fact did produce the damage or damages described in the complaint. Still another question of fact, at least in large part common to both defendants, is whether there are devices or processes available which could be used in an operation of this kind to eliminate or curtail the damages allegedly caused by the fumes. Stated in broader terms, the issue is whether the condition is one which can be eliminated by human labor and skill or by the expenditure of money. It is conceivable that other issues, common to both parties, may arise after the answers are filed, or after a further development of the case. It results that the necessary conditions are present to authorize the Court to order a joint trial under Rule 42, and the only remaining question is whether the Court should exercise its discretion to that effect.

The apparent contention of the defendants is that they would be prejudiced by a joint trial because of the difficulty in determining the responsibility of each defendant on account of its alleged contribution to the plaintiffs' damage.

Concededly, in cases of this nature, there is the inherent difficulty of segregating and determining the nature and extent of the contribution made by each party to the common nuisance. This difficulty, however, would not be altogether removed if the claims were tried separately. If the claim against one defendant should be separately tried, the jury would still be confronted with the necessity of determining whether the plaintiffs' damage was caused by the defendant before the Court, or whether it was caused by the other defendant not before the Court. There would also exist the necessity of determining the extent that the activities of the defendant on trial contributed to the plaintiffs' damage as contrasted with the activities of the defendant not on trial.

On the other hand, a joint trial has many advantages, including a saving of trial time, as well as a saving of expense not only to the Government but to the parties. Doubtless in a large measure, the trial of both claims will involve the use of the same witnesses and the same evidence. Upon the whole case, the Court feels that the ends of justice will be met by a joint trial of the claims.

The order should accordingly provide that the claims are severed for all purposes and to be proceeded with separately except that they will be tried together before the same jury.

██ This will entail the filing of separate complaints against the defendants, and thereafter the filing or entry of separate pleadings, motions, verdicts, judgments, etc. Such an order, as contrasted with a consolidation, will preserve to each defendant the procedural advantages of a separate trial, including the right to peremptory challenges of jurors. Cf. Signal Mountain Portland Cement Co. v. Brown, 6 Cir., 141 F.2d 471, 476, 477.

██ Both defendants move the Court to require the plaintiffs to elect whether they sue for permanent damages to their property or for damages of a temporary and recurring nature. If the plaintiffs' cause of action is for permanent damage to real estate, the measure of recovery is the dimunition in market value resulting from the conditions complained of. If the cause of action is for a temporary injury, the measure of damages is the loss of use and enjoyment of the property, usually reflected by depreciation of rental value. Signal Mountain Portland Cement Co. v. Brown, supra.

At some stage of the proceeding, the plaintiffs should be required to make an election, but they say that at this time they are uncertain whether the conditions complained of are permanent or temporary within the meaning of the law; and a fair construction of the complaint is that the plaintiffs adequately plead such lack of information and knowledge as to the character of the cause of action. That being true, the

# 156

Court is of the opinion that the plaintiffs should not be required to elect at this time but that the complaint should be allowed to stand as it is without prejudice to the rights of defendants to renew their motions for an election at a later point in the proceeding.

In its motion, defendant Monsanto Chemical Company moves to dismiss the action upon the ground that it is barred by the three-year statute of limitations, as shown on the face of the complaint, or in the alternative, to strike all allegations of damages accruing more than three years prior to the institution of the action.

■ The question with respect to the statute of limitations is closely related to the question whether the plaintiffs' cause of action is for a permanent or temporary injury to property. If the cause of action is for a permanent injury and accrued more than three years prior to the institution of suit, the three-year statute of limitations would bar the plaintiffs from all relief, but if for temporary injury, resulting from a condition which is capable of being removed or corrected by the expenditure of money, the plaintiffs would be entitled to sue recurringly and periodically for damages which occurred within a period of three years prior to the institution of suit. City of Nashville v. Comer, 88 Tenn. 415, 12 S.W. 1027; Signal Mountain Portland Cement Co. v. Brown, supra.

■ At present, since it is difficult to determine the exact character of the cause of action, whether it is for permanent or temporary damages, and since the controlling facts upon the issue may be in dispute requiring their submission to the jury, the Court is of the opinion that the motion to dismiss upon the ground of the statute of limitations should not be sustained.

■ The motion of defendant, Armour & Company, for a bill of particulars as to each item of damage claimed by the plaintiffs would not appear to be well taken. The complaint sets forth with sufficient specificity the nature and character of the damages claimed to enable the defendants to prepare their defenses. To require the plaintiffs to specify the details called for by the motion for a bill of particulars, would impose an unreasonable burden upon them not required by the situation of the defendants. In fact, it is difficult to see how the plaintiffs could set forth their damages in much greater detail than has been done in the complaint. There are separate allegations with respect to livestock, crops, and the real estate itself. There is also a reasonable indication of the time within which it is claimed that the damages accrued. The motion for a bill of particulars should, therefore, be overruled.

An order will be submitted in conformity with this memorandum.