L. Barron Hill, J.
The facts as alleged in the complaint indicate Eleanor Wilson, plaintiff, while a passenger in an automobile owned and operated by the defendant Smith, was injured as a result of a collision between Smith’s car and the defendant Algeria’s automobile. This accident occurred at about 7:45 p.m. Thereafter, at about 8:55 p.m. of the same day, plaintiff, while a passenger in an ambulance owned by the defendant De Freist and operated by defendant Busch, was further injured when the ambulance collided with an automobile owned and operated by the defendant Jarvis.
Defendant Jarvis moves to sever the cause of action relating to the first accident from that relating to the second. The complaint has alleged only one cause of action against all defendants. No motion is made under rule 90 of the Buies of Civil Practice to require plaintiffs to separately state and number the causes of action.
*521 Section 212 of the Civil Practice Act permits plaintiff to join all persons in one action as defendants ‘ ‘ if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them would arise in the action. Judgment may he given according to their respective liabilities, against one or more defendants as may be found to be liable upon all the evidence, without regard to the party by whom it has been introduced.”
Assuming defendant Jarvis is liable to plaintiffs, his liability is only for the injuries arising or aggravated by the collision in which Jarvis was involved. The same is true for the defendants involved in the first collision. A common question of fact exists to be determined at the trial as to the extent of the damages suffered by plaintiffs in the first collision and those suffered by them in the second collision. It is patent that defendants individually will urge upon the trier of the facts that plaintiff Eleanor Wilson’s injuries were suffered, in part at least, as the result of the collision in which such individual defendant was not involved. It is, therefore, obvious that there should be but one trier of the facts of the situation involved in this action so that the liabilities, if any, of the respective defendants can be determined in fairness to all parties.
Movant asserts that he will be prejudiced if the actions are not severed. We hear much today concerning the sanctity of the jury trial in negligence actions. This court cannot conceive of a situation in which the role of one single jury would be more important to determine the issues presented so that justice is accorded all parties, plaintiffs and defendants.
Accordingly, the motion is denied. Submit order.