Mario Pittoni, J.
Motion by the defendants Rosen for a severance of actions against the defendants Rosen and the defendant Waley. Cross motion by the plaintiff for an order *290 directing the defendants Basen to. furnish a copy of a medical report made by a physician who examined the. plaintiff Virginia Marie Mísíano on June 3, 1958.
Motion to sever the actions denied. u While the wrongful acts of the two defendants were not precisely concurrent in point of time, the defendants may nevertheless he joint tort feasors where, as here, their several acts of neglect concurred in producing the injury.” (Hawkes v. Goll, 256 App. Div. 940, affd. 281 N. Y. 808.) Here it may be that the defendants Rosen as the original wrongdoer will be held liable for all damages which the plaintiffs sustained (Ferrara v. Galluchio, 5 N Y 2d 16, 20); and if the injuries which resulted from the negligence of Rosen cannot be separated from those caused by the negligence of Waley, the defendant Waley may be held responsible for all of the injuries (Hawkes v. Goll, supra). Having a judgment in one amount against both Rosen and Waley would permit a defendant who paid the entire judgment to compel contribution by the nonpaying defendant (Baidach v. Togut, 7 N Y 2d 128).
As to the cross motion, the relief sought is granted without conditions (Yudenfreund v. Mortimer, 9 A D 2d 935; Pink v. Valentine, 10 A D 2d 583). A copy of the report is to be served within 20 days after the service of a copy of the order. Settle order on notice.