Hugh S. Coyle, J.
Motion by defendants Frank La Franco, Eose La Franco, Charles Thompson and Alignment Institute, Inc., for an order pursuant to section 96 of the Civil Practice Act, for a severance of the cause of action of plaintiff against Frank La Franco and Eose La Franco from all the other issues herein and for a separate prosecution and trial thereof, is granted.
Plaintiff in his complaint sets up two causes of action, each based upon negligence. The first cause is against Frank and Eose La Franco only, for injuries and damages sustained by reason of an automobile accident on June 1, 1957. The second cause of action is against defendants Christopher T. Milano, Thomas F. Milano, Charles Thompson and Alignment Institute, Inc., and is for injuries and damages sustained by reason of an automobile accident on July 13, 1958.
The respective causes of action do not arise from the same transaction or occurrence and do not present similar questions of law and fact. They set forth accidents, which occurred at different times, in different years, at different places and between different parties.
The only justification for the joinder of the two issues is the contention that in the first action plaintiff received certain injuries, and in the second accident some of these injuries were aggravated, and therefore plaintiff will be prejudiced were he to be faced with the separate trials and subject to an attack by the defendants in each action that the other accident was responsible for the greater proportion of the injuries he suffered. In support of this contention plaintiff cites the case of Wilson v. Algeri (5 Misc 2d 520). In that case plaintiff was injured in an automobile accident. An ambulance arrived upon the scene and plaintiff was transferred to it. While the ambulance was traveling from the scene of the accident to the hospital, it was involved in an accident and plaintiff was further injured. There the court held that joinder pursuant to section 212 of the Civil Practice Act was proper.
In the case at hand, however, the facts are radically different. The second accident occurred 13 months later. In that time interval between the accidents there can be no doubt that a clear-cut determination of the injuries sustained as a result of each accident can be made. This court is therefore of the opin *32 ion that section 212 of the Civil Practice Act does not permit the joinder. The two accidents in which the plaintiff was involved, do not arise out of the same transaction, occurrence, or series of transactions or occurrences (O’Hara v. Gannon, 198 Misc. 929).