Richard J. Cardamone, J.
This is a motion made pursuant to CPLR 603 for severance into two separate and distinct causes of action of the one cause of action alleged by the plaintiff against the defendants, Sacco and Amoia.
*442 On March 15, 1963, plaintiff, driving a mail truck, was proceeding easterly on Brie Boulevard in the City of Syracuse, Onondaga County, New York, and had stopped at a traffic light at the intersection of Seeley Road when he was struck in the right rear by defendant Sacco. Plaintiff claims injuries to his neck, chest, abdomen and back as a result of that accident. Immediately following this incident the plaintiff alighted from his truck and engaged the defendant Sharon Sacco in a conversation in order to obtain her license number, etc. He does not remember how long this conversation lasted but it was a matter of minutes. The plaintiff had just stepped back into his truck for the purpose of moving it when his vehicle was struck again in the right rear by defendant Martha Amoia. As a result of this second accident, the plaintiff was caused to be thrown from the truck onto the highway reinjuring his back and injuring his left ankle and left knee.
The statute provides that: “ Persons against whom there is asserted any right to relief jointly, severally, or in the alternative, arising out of the same transaction, occurrence, or series of transactions or occurrences, may be joined in one action as defendants if any common question of law or fact would arise.” (CPLR 1002, subd. [b].) The joinder of the defendants here was proper as there are clearly common questions of law and fact in this negligence action involving two accidents occurring within several minutes of each other, both involving the plaintiff being struck in the rear.
The statute further provides, however: “ In furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue.” (CPLR 603.) No request is made here for a separate trial and it is clear that none would be warranted under the existing circumstances. (Potter v. Clark, 19 A D 2d 585 [4th Dept., 1963].) A severance of the claims against defendants Sacco and Amoia, respectively, would aid in the 61 furtherance of convenience ” (CPLR 603) since such a procedure would simplify the charge of the trial court. A severance of the two claims would “ avoid prejudice” (CPLR 603) to the rights of the respective defendants since the jury might more fairly apportion damages, if any, against each defendant in a separate verdict after hearing the testimony regarding the plaintiff’s separately alleged injuries. A failure to grant this severance would jeopardize the defendants’ rights. (Sherlock v. Manwaren, 208 App. Div. 538 [4th Dept., 1924].)
In view of this determination, it is unnecessary on this motion to pass upon whether defendants Sacco’s and Amoia’s actions *443 were such as to make them joint tort-feasors (Hawkes v. Goll, 256 App. Div. 940 [2d Dept., 1939], affd. 281 N. Y. 808 [1939] ; Misiano v. Rosen, 22 Misc 2d 289 [1960]; Wilson v. Algeria, 5 Misc 2d 520 [1957] or tort-feasors whose wrongs were successive and independent (Derby v. Prewitt, 12 N Y 2d 100, 105-106 [1962]; Gunning v. Buffalo Tr. Co., 20 A D 2d 966 [4th Dept., 1964]).
Under all the circumstances here, a single joint trial has clear utility and is not violative of sound judicial policy against encouraging a multiplicity of trials. (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 603.01.) Defendant Sacco’s motion for a severance of the plaintiff’s single cause of action into two separate causes of action stated against each defendant with a joint trial of the same is granted.