**Dorothy Schwartz and Clarence Schwartz, Petitioners-Appellants, v. Vada Abernathy Swan, Lawrence Allen Bray and Mary J. Polivick, Respondents-Appellees.**
**Adelia Schwartz, Petitioner-Appellant, v. Vada Abernathy Swan and Lawrence Allen Bray, Respondents-Appellees.**

Gen. No. 64–107.

Fifth District.

October 5, 1965.

Alan J. Dixon, of Belleville, for appellants.

Walker & Williams, of East St. Louis (David B. Stutsman, of counsel), for Vada Abernathy Swan, appellee. Wagner, Conner, Ferguson, Bertrand & Baker, of East St. Louis (Bernard H. Bertrand, of counsel), for Lawrence Allen Bray, appellee.

GOLDENHERSH, J.

Plaintiffs, Dorothy Schwartz, Clarence Schwartz and Adelia Schwartz appeal from judgments entered on jury verdicts finding the issues in favor of defendants, on plaintiffs' claims for personal injuries and loss of consortium. Proper presentation of the issues raised by the appeal requires a review of the pleadings, and of certain procedural questions which arose prior to trial.

Plaintiffs, Dorothy Schwartz and Clarence Schwartz, are husband and wife. Plaintiff, Adelia Schwartz, is the widow of the deceased brother of plaintiff, Clarence Schwartz.

On July 2, 1962, plaintiffs, Dorothy and Clarence Schwartz, filed a four count complaint in the Circuit Court of St. Clair County. In Count I, plaintiff, Dorothy Schwartz, alleges that on August 13, 1960, she was a passenger in an automobile operated by plaintiff, Adelia Schwartz, that while the car in which she was riding was stopped at a stop sign, automobiles driven by the defendants, Vada Abernathy, and Lawrence Allen Bray, collided, causing Vada Abernathy's automobile to strike the automobile in which plaintiff was riding. This count contains the usual allegation of plaintiff's freedom from contributory negligence, and charges the defendants with various acts of negligence.

Count II alleges that on August 23, 1960, plaintiff, Dorothy Schwartz was riding in an automobile being driven by plaintiff, Clarence Schwartz; that the automobile was struck by a car driven by defendant, Mary J. Polivick; that plaintiff was free of contributory negligence and defendant, Mary J. Polivick was negligent.

Count I alleges that in the occurrence on August 13, 1960, plaintiff, Dorothy Schwartz, suffered injuries to her head, neck and shoulders, that on August 23, 1960,

her head, neck, shoulders, arms and back were injured, and that she is unable to allege to what extent the occurrence of August 13, 1960, caused or contributed to her condition of ill being.

Count II alleges that the occurrence on August 23, 1960, in addition to the injuries caused thereby, aggravated the injuries suffered on August 13, 1960, and that she is unable to allege to what extent the injuries of which she complains resulted from either of the two occurrences.

In Count III, plaintiff, Clarence Schwartz, sues for loss of consortium resulting from the occurrence of August 13, 1960, and in Count IV seeks to recover damages for loss of consortium suffered by reason of the occurrence of August 23, 1960.

On July 3, 1962, plaintiff, Adelia Schwartz, filed suit seeking to recover damages from defendants Abernathy and Bray for injuries allegedly suffered in the occurrence of August 13, 1960.

Defendants, Bray and Polivick, answered the complaints. The three defendants, Bray, Polivick, and Abernathy, filed separate motions for severance of Counts I and II of the complaint in the case of Dorothy Schwartz and Clarence Schwartz. Defendant Bray, in his motion, stated that he had no part in the occurrence of August 23, 1960, cannot be held responsible for any injury caused plaintiffs on that date, and the trial of issues involving two separate accidents would prejudice a substantial right to a fair and just trial, of the defendant, Bray. Defendant, Polivick, represented by the same counsel, in identical language, moved for severance for the same reasons. Defendant, Abernathy, in her motion, states that Counts I and II constitute entirely separate causes of action, involve claims against different defendants, allege different facts, and the evidence and instructions would be so complicated

and cause such confusion as to make it impossible for the jury to comprehend the proceedings, making it impossible for defendant to receive a fair trial.

After hearing arguments of counsel, the court ordered a severance of the cases, directing that the counts pertinent to the occurrence of August 13, 1960, be severed from those pertinent to the occurrence of August 23, 1960, and further directing that they be thereafter treated as two separate cases, with different docket numbers.

Plaintiffs, Dorothy Schwartz and Clarence Schwartz, sought to appeal from the order of severance, and this court (then the Fourth District) dismissed the appeal on the ground that the order of severance was not a final, appealable order.

Subsequent to the dismissal of the appeal, the court, over the objection of plaintiffs, allowed the motion of defendant Abernathy, to consolidate the case of Adelia Schwartz with the case of Dorothy Schwartz and Clarence Schwartz, each case seeking to recover from defendants, Bray and Abernathy, for injuries suffered on August 13, 1960.

The consolidated cases involving the collision on August 13, 1960, came on for trial, the jury found for all defendants as to the claims of all three plaintiffs, judgments were entered on the verdicts, and this appeal followed.

Plaintiffs contend that the Circuit Court erred in ordering a severance in the case of plaintiff, Dorothy Schwartz, and a consolidation of the case of Adelia Schwartz, with that of Dorothy Schwartz. Numerous errors are charged during the course of the trial, and to the extent material to this decision will be hereinafter enumerated and discussed. Since the case of Clarence Schwartz is predicated solely on alleged loss of consortium, the disposition thereof is governed by the result reached in the case of Dorothy Schwartz.

153

We shall first consider plaintiffs' contention that the court erred in ordering the severance. Section 44 of the Civil Practice Act (Ill Rev Stat 1963, c 110 § 44) provides:

"(1) Subject to rules any plaintiff or plaintiffs may join any causes of action, whether legal or equitable or both, against any defendant or defendants; . . . ."

Section 24 of the Civil Practice Act provides:

"Joinder of defendants.) (1) Any person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the controversy arose, or whom it is necessary to make a party for the complete determination or settlement of any question involved therein, or against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined.

"(2) It is not necessary that each defendant be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him; but the court may make any order that may be just to prevent any defendant from being embarrassed or put to expense by being required to attend any proceedings in which he may have no interest.

"(3) If the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, and state his claim against them in the alternative against different defendants, to the intent that the question which,

154

if any, of the defendants is liable, and to what extent, may be determined as between the parties."

Section 51 of the Civil Practice Act provides:

"Consolidation and severance of actions: An action may be severed, and actions pending in the same court may be consolidated, as an aid to convenience, whenever it can be done without prejudice to a substantial right."

In Johnson v. Moon, 3 Ill2d 561, 121 NE2d 774, the Supreme Court stated that joinder of multiple plaintiffs and defendants depends broadly upon the assertion of a right to relief, or a liability, arising out of the same transaction or series of transactions, and the existence of a common question of law or fact.

Defendants cite Sommers v. Korona, 54 Ill App2d 425, 203 NE2d 768, decided on December 31, 1964, by the First District. In that case, plaintiff sought to join defendants whose alleged negligence caused injuries in separate occurrences, approximately eight months apart. The Circuit Court dismissed one of the counts. The Appellate Court held the attempted joinder to be improper and affirmed the judgment. The Supreme Court denied leave to appeal.

The same issue has been considered by the appellate courts of New York, Michigan and Minnesota.

In the case of Gamble v. Fraleigh, 146 NYS2d 146, (1955) the Supreme Court of New York denied a motion to consolidate two causes of action, involving the same plaintiff, seeking to recover from two defendants for injuries resulting from automobile accidents, approximately nine months apart. The court denied the motion, stating that while there may be an interlocking question as to the extent of the injuries attributable to each occurrence, the liability problems were unique and separate. It further stated that if the matter were

tried nonjury, the motion would be granted, but in a jury trial the essential distinctions in the actions might not be clearly maintained.

In the case of Pride v. Perras and Blank, 6 App Div 2d 842, 176 NYS2d 573, the Appellate Division of the Supreme Court of New York, reversed an order of the trial court consolidating for trial two cases involving the same plaintiffs, but two separate defendants, predicated upon injuries allegedly suffered in two automobile collisions occurring two months apart in time. The reason given for the reversal is that the convenience of one trial does not overcome the prejudice that might result to defendants, and the confusion which the jury will encounter in trying to determine the extent of injuries attributable to each, and the compensation thereof.

In the case of Abbatepaolo v. Blumberg and others, 7 App Div2d 847, 182 NYS2d 847, the Appellate Division reversed an order of the trial court consolidating for trial two causes of action by the same plaintiff. Plaintiff was injured when his bicycle was struck by an automobile driven by one defendant, and allegedly suffered additional injuries as the result of a collision between the ambulance in which he was being taken to a hospital and an oil truck. The court, in reversing, relied upon the ground that the cases could not be consolidated because they did not fall within the provisions of section 96 of New York's Civil Practice Act which contemplates the joinder of cases involving precisely the same issues and arising out of the same occurrence. The court further stated that the cases could not be consolidated for trial under section 96a of the New York Civil Practice Act since that section is interpreted so as to require the consolidated cases to arise from the same set of facts.

In the case of Watts v. Smith, 375 Mich 220, 134 NW2d 194, plaintiff allegedly suffered injuries on the

morning and in the afternoon of the same day, in two separate collisions, involving different automobiles. He sued both drivers jointly, alleging that both collisions caused the injuries of which he complained. The trial court ordered a severance and dismissed as to one defendant. The Supreme Court of Michigan reversed, holding that the pleadings raised an issue of fact common to both cases, i. e. the extent of plaintiff's injuries, and joinder was proper under Michigan's rules of procedure. The court stated that if after further proceedings before trial, it should appear necessary to prevent prejudice, the trial court may, within its sound discretion, order separate trials.

In the case of Schachter v. Richter (Sup Court of Minnesota) 135 NW2d 66, plaintiff was injured in two separate accidents, occurring approximately 3½ years apart. An action predicated upon the first collision was pending at the time of the second occurrence. Plaintiff moved to consolidate the two cases for trial, and in an affidavit filed in support of his motion, stated that the injuries sustained in the second collision aggravated the injuries suffered in the first. The court ordered consolidation for trial, basing the order on Rule 42.01 of Minnesota's Rules of Civil Procedure which provides that actions involving a common question of law or fact may be consolidated for trial. The Supreme Court affirmed, saying that since there is a fact question common to both cases, the trial court did not exceed its power in ordering the cases consolidated.

■ In our opinion the provisions of the Civil Practice Act, as interpreted in Johnson v. Moon (supra) authorize the joinder of these defendants, since the complaint clearly asserts a liability arising out of the series of transactions alleged. Unless it can be determined with reasonable certainty to which occurrence plaintiff's alleged injuries are attributable, the nature and severity of plaintiff's injuries, and the extent to

157

which each collision contributed thereto is a common question of fact.

■■ Having determined this issue, we must consider whether the order of severance is an abuse of the discretion vested in the trial court. Our Supreme and Appellate Courts have consistently held that the disposition of many procedural issues rests within the sound discretion of the trial court. The exercise of sound discretion requires the availability of information sufficient to support the conclusion reached. In this case the order of severance was entered on September 28, 1962, without presenting to the court evidence readily available through appropriate discovery procedures. If after deposition and interrogatory, the defendants were to move for severance on the ground that medical testimony could establish to a reasonable degree of medical certainty which injuries, if any, were attributable to a particular occurrence, severance would not be improper. If, on the other hand, it appears that the cumulative effect of the acts of which plaintiff complains is a single indivisible injury, or that it is unlikely that it can be ascertained to a reasonable degree of medical certainty which occurrence caused the injuries, then severance is prejudicial to the plaintiff. The fact that it might be difficult, under these circumstances to establish the exact proportion of injury caused by each occurrence, is not sufficient reason to deprive plaintiff of the substantial right of a proper evaluation of her damages. To hold otherwise would require plaintiff to prosecute her claim in separate trials, in each of which the defense would be the uncertainty of the injuries resulting from each occurrence. In view of plaintiff, Dorothy Schwartz's status as a passenger in a standing automobile, it is difficult to attribute the verdict in this case to any reason except that here suggested.

158

■ Under presently permissible procedures, litigants regularly file motions seeking summary judgment and other relief, supporting their motions with copious quotations from answers to interrogatories and evidence depositions. In the instant case, to require the presentation of sufficient information to enable the trial court to reach a sound result, imposes no undue burden on the litigants.

We are not impressed with the contention that the trial of the negligence issues in two comparatively simple fact situations would be beyond the comprehension of a jury. Juries try and determine fact issues in extremely complicated cases involving third party complaints, cross claims, counterclaims, multiple plaintiffs and defendants, with a high degree of perception. One of hundreds of examples is the case of Nelson v. Union Wire Rope Corporation, 39 Ill App2d 73, 187 NE2d 425; 31 Ill2d 69, 199 NE2d 769, in which the jury assessed damages in 18 separate verdicts, some involving injuries and some wrongful deaths, and distinguished between the defendants in a complicated case to the extent that one was exonerated. Properly instructed, there is no reason to anticipate confusion of the jury, or prejudice to the rights of any of the parties.

■■ Appellants suggest to the court that the evidence might warrant separate verdicts, apportioning the damages between the defendants in the first occurrence, and the defendant in the second. Section 50 of the Civil Practice Act (Ill Rev Stats 1963, c 110 § 50) provides:

> "More than one judgment or decree may be rendered in the same cause."

In the light of the holding in Johnson v. Moon (supra) that the effect of the Civil Practice Act is to make

applicable to actions at law, the practices which theretofore prevailed in equity, we agree. After proper instruction, if the evidence warrants, such apportionment by the jury would not be objectionable.

 We have carefully examined the medical testimony and conclude that justice requires that plaintiff, Dorothy Schwartz, be permitted to prosecute her claims against these defendants in a single trial. As to the consolidation of the case of Adelia Schwartz, that is a matter for the discretion of the trial court, to be determined in the light of the views here expressed.

Since all of the remaining contentions of plaintiffs arise from the attempt to try plaintiffs' case in separate trials, and are not likely to recur upon retrial, they will not be further considered. The judgment of the Circuit Court of St. Clair County is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed and cause remanded.

EBERSPACHER, P. J. and MORAN, J., concur.