No. 23275.

Donice Kathryn Sutterfield and James L. Sutterfield
v. The District Court in and for the County of Arapa-
hoe, State of Colorado and the Honorable Marvin W.
Foote, one of the judges thereof.

(438 P.2d 236)

Decided March 11, 1968.

Myrick, Criswell and Branney, for petitioners.

WORMWOOD, WOLVINGTON, RENNER and DOSH, LAIRD CAMPBELL, for respondents.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS is an original proceeding for a writ of certiorari to review an order of the District Court of Arapahoe County granting defendants' motion to sever in a negligence action filed by petitioners. The parties will be referred to as plaintiffs and defendants, or by name.

Donice Kathryn Sutterfield and James L. Sutterfield sued four defendants for back injuries sustained by Mrs. Sutterfield in two separate automobile accidents. Defendants Ardis Laurence Loos and Phillip R. Laurence were the driver and owner, respectively, of the automobile involved in the first accident, which occurred December 11, 1965, in Greeley. The second accident, September 13, 1966, in Denver, involved a truck driven by defendant Willard L. Gowan, and an automobile driven by defendant Robin J. Corbett.

Mrs. Sutterfield alleged in the complaint that both accidents resulted in similar injuries to her back, and that she was unable to apportion the injuries as between the two. She asked for damages in the amount of $50,000 from each of the two sets of defendants, or alternatively, for joint and several damages against both in the amount of $100,000. Her husband sought $5,000 damages for loss of consortium against all defendants, jointly and severally, and both plaintiffs sought compensation for property damage to the automobiles involved in the two collisions.

The defendants in the second accident each filed a separate answer to plaintiffs' complaint. Defendants Loos and Laurence, however, filed a motion for change of venue and a motion to sever the claims against them

from the claims against Gowan and Corbett. The trial court took no action on the venue question but granted the motion to sever. Plaintiffs petitioned this Court for a writ of certiorari and for an order directing the district court to vacate its order granting severance and enter an order denying the motion. We issued a rule to show cause.

■ Defendants' answer to the rule to show cause first contends that this Court is without jurisdiction to entertain a petition for writ of certiorari to review an interlocutory order of a lower court under Article VI, section 3, of the Colorado constitution, and R.C.P. Colo. 116. We do not agree. The limitations contained in R.C.P. Colo. 116(b) relate to "writs of certiorari on appeal" to review judgments of district courts on appeals from county courts, and do not apply to original certiorari preceedings in this Court to review other types of orders.

■ While the issuance of a writ of certiorari is always discretionary, this Court has the power under Article VI, section 3, to issue such writs to review interlocutory orders of lower courts. The power has been exercised where the usual review by writ of error would not afford adequate protection to substantive rights of the petitioners. See *Lucas v. District Court,* 140 Colo. 510, 345 P.2d 1064; *Potashnik v. Public Service Co.,* 126 Colo. 98, 247 P.2d 137; *Swift v. Smith,* 119 Colo. 126, 201 P.2d 609. In this case, it appears that all parties would be put to unnecessary delay and expense were we to require that one or both of these claims be fully tried before determining whether the claims should have remained joined in the first instance. It is also evident that, should plaintiffs obtain a favorable judgment in both lawsuits, none of the parties will be in a position to raise the important procedural question posed by this proceeding. It is the function of the common law writ of certiorari to correct substantial errors of law committed by an inferior tribunal which are not

otherwise reviewable. 14 Am. Jur. 2d *Certiorari* § 2. We have therefore determined to assert our constitutional power to review the trial court's order granting defendants' motion to sever.

 The first and basic question is whether R.C.P. Colo. 20(a) permits the joinder of these defendants under the fact situation alleged in plaintiffs' complaint. We find that the joinder was proper.

R.C.P. Colo. 20(a) provides, in pertinent part:

"* * * All persons *may* be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, *and* if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities." (Emphasis added.)

It is not disputed that plaintiffs have asserted a right to relief against all of these defendants, jointly, severally, or in the alternative. And defendants virtually concede that Mrs. Sutterfield's injuries, and the extent to which each of the defendants may be held liable therefor, will present questions of fact common to all of the defendants. The controversy as presented before this Court, therefore, revolves around whether plaintiffs have asserted a right to relief against all four defendants which arises out of the "same transaction, occurrence, or series of transactions or occurrences."

 In determining this question, we point out that the claims for relief asserted here arise out of a single injury which resulted from the two accidents. Thus it is the injury which is the "occurrence" giving rise to the claim for relief. Accordingly, in the instant case, the right to relief asserted against all four defendants arises

230

out of the same occurrence, namely, the single permanent injury which allegedly resulted here from the two accidents. See *McNeil v. American Export Lines,* 166 F. Supp. 427 (E.D. Pa.); *Schwartz v. Swan,* 63 Ill. App. 2d 148, 211 N.E.2d 122.

■ The trial court held that this Court's decision in *Newbury v. Vogel,* 151 Colo. 520, 379 P.2d 811, required the severance. We disagree. We there held that where no apportionment could be made between injuries resulting from a defendant's negligence and those resulting from a pre-existing condition, the defendant could be held liable for the entire injury. If that case applies at all here, it supports the propriety of the joinder. *Newbury* teaches that a jury must apportion the extent of injury between successive tort-feasors if it can do so. The extent of liability, if any, of each of the tort-feasors, therefore, becomes a most important common issue. Proper apportionment can be more justly accomplished by one jury than by two juries sitting separately, each faced with the argument that the greater portion of the injury was caused by the defendants other than the ones in the case at trial. The situation of two juries faced with the task of apportioning liability for a single injury could very well result in the plaintiffs' receiving aggregate verdicts for much less than the admitted amount of permanent injuries, or, on the other hand, for much more than the admitted amount of permanent injuries. Justice would not be well served by either of such results. Other jurisdictions, both federal and state, operating under joinder rules or statutes similar to our Rule 20, have permitted joinder under similar fact situations. *Poster v. Central Gulf Steamship Corp.,* 25 F.R.D. 18 (E.D. Pa.); *McNeil v. American Export Lines, supra; Kraft v. Smith,* 24 Cal. 2d 124, 148 P.2d 23; *Schwartz v. Swan, supra; Watts v. Smith,* 375 Mich. 120, 134 N.W.2d 194.

■ Defendants, however, contend that even if the joinder here were proper the trial court properly

exercised its discretion to sever the claims under R.C.P. Colo. 20(b) and 42(b). Those rules permit severance to prevent delay or prejudice or in the furtherance of convenience. We will, of course, permit wide discretion in the application of Rules 20(b) and 42(b) by a trial judge when he finds that the necessary prerequisites to separate trials laid down by those rules exist. But the trial court here made no finding that any of the conditions permitting separate trials of properly joined claims were present, and we therefore cannot sustain the severance at the present time under Rules 20(b) and 42(b). We do not pass, however, upon the propriety of a severance order in this case provided proper findings are made.

We would point out that the existence of the remedies provided in Rules 20(b) and 42(b) to prevent prejudice to parties resulting from joinder provides an additional basis for giving the interpretation to the joinder provisions of R.C.P. Colo. 20(a) which we have enunciated here. See 2 *W. Barron and A. Holtzoff, Federal Practice and Procedure,* § 533, p. 186 (1961 Ed.), where it is said that in view of the full protection allowed by Rule 42(b) it is desirable to give the broadest possible reading to the permissive language of Rule 20.

The rule is made absolute, and the trial court's order granting the motion to sever on the grounds set forth therein is set aside.