STATE of Missouri ex rel. Shirley Lee ALLEN and Norma Jane Tipton, Relators,

v.

Honorable John M. YEAMAN, Judge of the Circuit Court, Andrew County, Missouri, Respondent.

No. 25013.

Kansas City Court of Appeals.

Missouri.

April 7, 1969.

Strop, Watkins, Robert & Hale, James E. Taylor, St. Joseph, J. F. Allebach, Albany, for relators.

Walter A. Raymond, Blaine E. Strader, Raymond, West & Strader, Kansas City, for respondent.

CROSS, Judge.

This is an original proceeding in prohibition. The issue raised is whether the trial court exceeded its jurisdiction in consolidating two separate personal injury actions for trial. Both actions were brought by one Alberta Frances Beeler, hereinafter referred to as plaintiff, to recover damages for injuries she allegedly sustained in separate and successive automobile collisions.

The first collision occurred on October 20, 1962, in Andrew County at the intersection of U.S. Highways 71 and 275, where plaintiff had stopped behind a line of standing traffic. At that time and place relator Shirley Lee Allen drove an automobile into the rear of plaintiff's standing vehicle. On February 8, 1967, plaintiff commenced the first of her two actions by filing a petititon naming relator Shirley Lee Allen as defendant, and alleging that she had sustained multiple permanent in-

juries, described in her petition in pertinent part as follows:

"She suffered a whiplash-type of injury to her neck, * * * her left shoulder, * * * left hip, left knee, left ankle, left ileum, left foot and the heel and toes, * * * a traumatic bursitis of the left shoulder, * * * a hematoma over the crest of the ileum on the left; * * * (and) a severe and permanent shock to her entire nervous system. * * *"

On November 5, 1962, in the City of Savannah, plaintiff suffered the second accident when her automobile collided with an automobile driven by relator Norma Jane Tipton. On February 14, 1964, plaintiff filed suit against relator Norma Jane Tipton, claiming that she sustained injuries as a result of the accident last described, set out in her petition, in part, as follows:

"At the time of said accident plaintiff had not recovered from injuries suffered in a prior accident on October 20, 1962, wherein she had suffered a whiplash type injury to her neck and left shoulder and injuries to her left hip, left knee, left ankle, left ilium, left foot and left heel; a traumatic bursitis of her left shoulder and a hematoma over the crest of her left ilium and a shock to her nervous system.

"As the direct and proximate result of the negligence of defendant, Norma Jane Tipton, as aforesaid, plaintiff received the following severe, painful and permanent and lasting injuries and injurious consequences, to-wit: All of plaintiff's injuries and injurious consequences received in her prior accident, as set out in paragraph three (3) of this Petition, and incorporated at this point by reference, were aggravated, added to, reinjured, made worse and rendered more difficult to cure; * * *"

Thereafter, plaintiff (Alberta Frances Beeler) filed a joint motion in each of the two pending cases, praying the court's order to consolidate them for trial on grounds that the actions involved common questions of law and fact "as to the measure of plaintiff's damages and as to which injuries and damages were suffered by plaintiff and in which accident." It was argued in the motion, "that no party will be prejudiced by the consolidation and trial together of said actions, but that the consolidation and trial of said actions together will avoid unnecessary cost, expedite the trials, promote the convenience of the Court and the ends of justice." At a hearing, on November 13, 1967, the trial court sustained the motion, consolidated the two causes as prayed, and set them for trial together before the same jury.[1]

Thereafter relators filed their petition praying this court to prohibit respondent from proceeding further in the premises and to order separation of the causes for trial. Pursuant thereto a preliminary rule in prohibition was issued by this court, to which respondent duly filed his return, admitting the essential allegations of fact contained in relators' petition. Briefs were filed by the parties and the cause was orally argued and submitted for determination.

It is contended on behalf of the respondent judge that he acted within his jurisdiction and under specific authority granted by Civil Rule 66.01(b), V.A.M.R. when, in the exercise of his discretion, he consolidated and ordered a joint trial of these two

---

1. Respondent's counsel in oral argument outlined the intended trial procedure as follows: that evidence on the issues of liability should be first separately submitted; that thereafter evidence on the issues of damages be submitted jointly; that the jury then be instructed and the case argued against the first defendant; that thereafter the jury be instructed and the case argued against the second defendant; and that thereafter the jury would retire and make separate findings as to liability of and damages against each defendant. The trial court has not indicated its intention to follow that particular procedure and this court does not undertake in this opinion to express any view of its propriety.

cases, "involving common questions of law and fact" relating to the extent of plaintiff's injuries and aggravation thereof, and the amount of damages therefor that should be attributed to each of the respective casualties giving rise to the actions. Civil Rule 66.01(b) provides:

"(b) *Consolidation—Common Question of Law Or Fact.* When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

It is further argued on respondent's behalf that his determination of the motion to consolidate involved a matter of judicial discretion that is not subject to restraint unless shown to be arbitrary, capricious or unrestrained, and that no showing of that nature has been made.

The only point relators urge in their brief is quoted in full as follows: "The Honorable John M. Yeaman, Judge, Exceeded His Jurisdictional Authority When he Consolidated the Cases of Alberta Frances Beeler v. Shirley Lee Allen and Alberta Frances Beeler v. Norma Jane Tipton for Trial at the Same Time and Before the Same Jury for the Reason that These Two Cases Do Not Arise Out of the Same Series of Occurrences and Do Not Present Common Questions of Law or Fact."

It is relators' position that Rule 66.01(b) is circumscribed and limited by other rules of civil procedure which allow joinder of multiple claims and parties at the instance of the parties themselves, to-wit: Civil Rules 55.07 and 52.05. Civil Rule 55.07 provides, in part, as follows: "The plaintiff in his petition or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. There may be a like joinder of claims where there are multiple parties if the requirements of Rules 52.04, 52.05 and 52.07 are satisfied. * * *." Rule 52.05 provides in pertinent part as follows: " * * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or *arising out of the same transaction, occurrence or series of transactions or occurrences* and if any question of law or fact common to all of them will arise in the action. * * *" (Emphasis supplied.) Relators specifically contend that "the meaning and intent of Rule 66.01 (authorizing consolidation by the court in its discretion) must be interpreted in light of the provision of Rule 52.05 (permitting a plaintiff to join multiple defendants originally in one action)." Therefore, relators argue, consolidation of the two cases by the court in the present instance is unauthorized because the two separately alleged causes of plaintiff's injuries admittedly did not arise "out of the same transaction, occurrence or series of transactions or occurrences" inasmuch as the two separate automobile collisions occurred 15 days apart, at different places, and were entirely unrelated as to cause.

Thus, relators would have us interpolate as a provision of Civil Rule 66.01(b) the words "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences" although that language is not expressed in the rule. We do not believe that such a result was intended by the writers of the rule. We are convinced that if the Supreme Court had meant to so restrict the trial court's discretion to consolidate causes involving common questions of law or fact, an intention of such vital import would not have been left to implication but would have been expressed in clear terms. The language of Civil Rule 66.01(b) is plain and unambiguous and there is no reason to apply further canons of construction. We will not extend its effect beyond its clear

and obvious meaning as relators contend we should do. Instead, we rule that the trial court's jurisdiction to consolidate actions, as conferred by Civil Rule 66.01(b), is not limited to causes arising out of the same transaction, occurrence or series of transactions or occurrences.

Missouri courts have not considered the precise questions that have been presented here. However, there is substantial authority found to support the trial court's action in the present instance. The leading case on the subject is Shacter v. Richter, 271 Minn. 87, 135 N.W.2d 66, decided in 1965 by the Supreme Court of Minnesota. That decision not only supports our own interpretation of Civil Rule 66.01(b), but also is well-reasoned authority that consolidation of actions by the trial court under conditions of law and fact existing in this proceeding is not an abuse of discretion. The facts and issues raised in Shacter are identical with those found in the case before us. There a plaintiff sustained injuries in two separate automobile accidents which occurred over three years apart. After filing separate suits for her damages, plaintiff filed a motion for consolidation supported by allegations that "the injuries sustained in the second accident involved an aggravation of injuries sustained in the first accident." The trial court sustained the motion and consolidated the actions under Rule 42.01, Rules of (Minnesota) Civil Procedure, which is identical with Missouri Civil Rule 66.01(b). Both rules are identical with Federal Rule 42(a). Thereafter at defendants' instance the Supreme Court issued a preliminary writ of prohibition raising the issue as to whether the trial court exceeded its jurisdiction by consolidating the two separate actions for trial. It was argued in that proceeding (as relators do here) that the application of Minnesota's Rule 42.01 was circumscribed and limited by Minnesota's Rule 20.01 which, in the identical language of Missouri Civil Rule 52.05, permits joinder of claims and parties at the instance of the parties themselves. Ruling that issue as we have done, the court in its majority opinion commented as follows:

"This matter is before us on a writ of prohibition which raises the issue as to whether the trial court exceeded its jurisdiction in consolidating two separate actions for trial. * * * The defendants ask us to hold in effect that consolidation under Rule 42.01 may be ordered only where the actions arise out of the same transactions and might have been joined in the first instance. It should be observed at the outset that Rule 42.01 is the same as Federal Rule 42(a). In 2B Barron & Holtzoff, Federal Practice and Procedure (Rules ed.) § 941, p. 172, it is pointed out that consolidation may be used under circumstances where several actions are ordered 'to be tried together but each retains its separate character and requires the entry of a separate judgment. This type of consolidation does not merge the suits into a single action, or cause the parties to one action to be parties to another.' It is apparently in this sense that the trial court ordered the consolidation, assuming that the separate issues with reference to liability could be fairly tried together and that there could also be a determination as to how much each defendant contributed to the plaintiff's injuries. The trial court apparently concluded that the consolidation was permissible in that there was a common question of fact as to damages. * * *

"We cannot agree with the defendants that the test for consolidation is whether the parties might have been originally joined in the same action. Rule 42.01 gives the trial court wide discretion in ordering consolidation. While the concepts of joinder and consolidation complement each other and overlap, they are nonetheless distinct. Consolidation is wider in scope. The fact that the dimensions of the separate actions may not be in all respects the same does not prevent consolidation if there exists between them the 'common question of law or fact.' Here,

as in Stanford v. Tennessee Valley Authority, supra, (18 F.R.D. 152) the common question relates to damages. In that case the court said (18 F.R.D. 155):

'The apparent contention of the defendants is that they would be prejudiced by a joint trial because of the difficulty in determining the responsibility of each defendant on account of its alleged contribution to the plaintiffs' damage.

'Concededly, in cases of this nature, there is the inherent difficulty of segregating and determining the nature and extent of the contribution made by each party to the common nuisance. This difficulty, however, would not be altogether removed if the claims were tried separately. If the claim against one defendant should be separately tried, the jury would still be confronted with the necessity of determining whether the plaintiffs' damage was caused by the defendant before the Court, or whether it was caused by the other defendant not before the Court. There would also exist the necessity of determining the extent that the activities of the defendant on trial contributed to the plaintiffs' damage as contrasted with the activities of the defendant not on trial.'

"It should be conceded that Rule 42.01 is a flexible rule and that the procedure it contemplates is permissive and rests with the discretion of the trial court. Since there is a fact question common to both actions, we cannot say that under the rule the trial court exceeded its power in making its order for consolidation.

"We must assume, * * * that the trial court, having carefully examined the issues, was satisfied that both actions could be fairly tried in the same proceeding. Since the court had jurisdiction to make the order and there is no showing of an obvious or certain danger

of miscarriage of justice which would necessarily require us to inferfere * * * the order should be sustained. The trial court was apparently satisfied that the proceeding may be so ordered and controlled as to be free of prejudice to the parties. It is not for an appellate court to anticipate or prohibit errors of the trial court or to interfere with its discretionary orders as to trial procedure."

In separate concurring opinion it was also said in Shacter v. Richter:

"Where a unitary injury results from successive but separate torts, there is as between the tortfeasors a common question of fact, i. e., to what extent did the injuries result from the first accident and to what extent from the second. This may not be a logical certainty, but experience suggests that it is a practical one. In separate trials, the plaintiff suffering from an injury due to two unrelated accidents can be expected to attribute the bulk of his trouble to the defendant at hand; and that defendant can be expected to insist that the absent party was the one whose wrong really caused the loss. Once liability is established, a more fair allocation of responsibility for the damage caused by one and aggravated by another might be expected if the plaintiff and the successive tortfeasors litigate the damage question at one time."

Also see: Schwartz v. Swan, 63 Ill.App. 2d 148, 211 N.E.2d 122 (following and quoting from the Shacter case); Treanor v. B. P. E. Leasing Inc., Ia.Sup., 158 N.W.2d 4 (also following and quoting from Shacter); Watts v. Smith, 375 Mich. 120, 134 N.W.2d 194; Sutterfield v. District Court In and For Arapahoe County, Colo.Sup., 438 P.2d 236; Meek v. Long, 258 Iowa 1309, 142 N.W.2d 385. With reference to what may be considered a "common question", and as to the practicability of trying the issue of damages arising from two separate accidents in one consolidated proceed-

ing, the court reasoned as follows in Schwartz v. Swan, supra:

"(1) In our opinion the provisions of the Civil Practice Act, as interpreted in Johnson v. Moon (supra) [121 N.E.2d 774] authorize the joinder of these defendants, since the complaint clearly asserts a liability arising out of the series of transactions alleged. Unless it can be determined with reasonable certainty to which occurrence plaintiff's alleged injuries are attributable, the nature and severity of plaintiff's injuries, and the extent to which each collision contributed thereto is a common question of fact.

"(3) We are not impressed with the contention that the trial of the negligence issues in two comparatively simple fact situations would be beyond the comprehension of a jury. Juries try and determine fact issues in extremely complicated cases involving third party complaints, cross claims, counterclaims, multiple plaintiffs and defendants, with a high degree of perception. * * * Properly instructed, there is no reason to anticipate confusion of the jury, or prejudice to the rights of any of the parties."

And in Sutterfield v. District Court In and For Arapahoe County, supra, the Supreme Court of Colorado commented as follows:

"The extent of liability, if any, of each of the tort-feasors, therefore, becomes a most important common issue. Proper apportionment can be more justly accomplished by one jury than by two juries sitting separately, each faced with the argument that the greater portion of the injury was caused by the defendants other than the ones in the case at trial. The situation of two juries faced with the task of apportioning liability for a single injury could very well result in the plaintiffs' receiving aggregate verdicts for much less than the admitted amount of permanent injuries, or, on the other hand, for much more than the admitted amount of permanent injuries. Justice would not be well served by either of such results."

Relators exhibit no substantial supportive authority. They cite and rely principally upon Sommers v. Korona, 54 Ill.App.2d 425, 203 N.E.2d 768; Cipolla v. LaFranco et al., 24 Misc.2d 30, 202 N.Y.S.2d 337; Wilson v. Algeria, 5 Misc.2d 520, 165 N.Y.S.2d 190; Caygill et al. v. Ipsen et al., 27 Wis.2d 578, 135 N.W.2d 284; and Lucas v. City of Juneau, D.C., 127 F.Supp. 730, 15 Alaska 413. Those cases are all distinguishable by the facts presented and the rules of procedure pertinent to the issues considered. In Sommers v. Korona no question of the trial court's discretion to consolidate was involved. The contested issue was a question of pleading—whether a plaintiff could originally join two defendants in the same action for injuries arising out of separate automobile accidents. Such joinder was held not permissible because under the then prevailing Illinois statute, "Joinder of multiple plaintiffs and of multiple defendants now depends broadly upon the assertion of a right to relief, or a liability, *arising out of the same transaction* or series of transactions and the existence of a common question of law or fact." (Italics supplied.) The New York cases cited by relators are without force because they were ruled under a provision of the New York Civil Practice Act[1] which provided "The court may order that two or more actions * * * *growing out of the same set of facts* be tried or heard together, without consolidation, whenever it can be done without prejudice to a substantial right." (Emphasis ours.) The Wisconsin case, Caygill v. Ipson, likewise involved a plaintiff's attempt to join two separate defendants in one petition seeking damages for injuries received in separate accidents. No question was raised as to the trial court's discretion to consolidate. The question con-

---

1. The Civil Practice Act and the New York Rules of Civil Procedure were replaced by New York Civil Practice Law and Rules, effective September 1, 1963.

sidered in the Alaska case, Lucas v. City of Juneau, was of the same nature. Relators also direct attention to the fact that two judges dissented from the majority opinion in the Shacter case. It is of little comfort to relators that the adopted opinion was not unanimous. It stands as the controlling view of the Minnesota court, and we accept it as such.

It is apparent from the facts in the record of this proceeding that the two cases which the trial court has seen fit to consolidate involve and share a common question of fact, i. e., to what extent did plaintiff Beeler's injuries result from the first accident and to what extent from the second, and that, consequently, *respondent had lawful jurisdiction to consolidate the two actions*—all as provided by Civil Rule 66.01(b). Of course, as stated in State ex rel. Rosen v. McLaughlin, Mo.Sup., 318 S.W.2d 181, 68 A.L.R.2d 1366 a determination of the motions for consolidation required "the exercise of a sound judicial discretion on the part of the respondent * * * based on facts and guided by law —a discretion, bounded by the rules and principles of law, and not arbitrary, capricious or unrestrained."

The essential function of prohibition is to confine an inferior court within its proper jurisdiction and prevent it from acting without or in excess of its rightful jurisdiction. State ex rel. Taylor v. Nangle, Mo.Sup., 227 S.W.2d 655. "Prohibition is never properly granted except where usurpation of jurisdiction or an act in excess of same is clearly evident." State ex rel. McCarter v. Craig, Mo.Sup., 328 S. W.2d 589. And, as stated in State ex rel. Miller v. Jones, Mo.App., 349 S.W.2d 534, "In a prohibition proceeding, we are concerned only with the question of jurisdiction." It is not the function of the prohibitory process to control a trial court's discretion or to direct how it may be exercised. In State ex rel. Clagett v. James, Mo.Sup. (en banc) 327 S.W.2d 278, an original proceeding in prohibition, the court

stated: " * * * (R)espondent had jurisdiction to exercise his discretion and decide whether to make that part of the order and therefore we could not prevent him from doing so by prohibition. * * * (W)e cannot control respondent's discretion, nor dictate how he may exercise it, in a proceeding in prohibition." Procedurally, it is relators' burden of proof to establish that respondent acted in excess of his jurisdiction or beyond the bounds of sound discretion. See State ex rel. Boswell v. Curtis, Mo.App., 334 S.W.2d 757, where the court said: "But when we consider the question here on prohibition the presumption is that of right action on the part of the respondent. The relator had the burden to establish that the respondent acted without reasonable basis for his order and thus exceeded his jurisdiction."

As the foregoing rule requires, we accord respondent the presumption to which he is entitled. We assume, as the Minnesota court did in the Shacter case, that when respondent consolidated the two cases he was aware of standards of fairness which should guide discretionary acts, that he had carefully examined the issues and was satisfied that the common question of fact as to plaintiff's injuries could be fairly tried in the consolidated proceeding, that such proceeding would be so conducted and controlled as to be free of prejudice to either party, and that judgment would be rendered in proper form and substance. Relators have made no factual showing or convincing legal argument to rebut such assumptions, and have not shown to our satisfaction that any miscarriage of justice is likely to result from the trial court's action in the premises—hence they have not sustained their incumbent burden of proof to establish that respondent abused his discretion in the exercise of his lawful jurisdiction.

It is not the function of an appellate court to prejudge the acts of the trial court performed within the perimeter of its judicial authority, nor is the remedy of prohibition available for the purpose of

anticipating or prohibiting the commission of error by the trial court in matters of trial procedure the law has left to its discretion. Those errors will be corrected only by appeal. These views are consistent with expression by Judge Eager in his separate opinion concurring in the opinion adopted in State ex rel. Rosen v. Mc-Laughlin, supra, wherein he wrote: "I feel that our order here should permit respondent to exercise a discretion in determining whether the cases are in fact to be consolidated under the rule, or whether the motions to consolidate should be denied. Perhaps that discretion might be reviewed upon proper application, but in any event the initial determination should be that of trial court."

Our preliminary rule in prohibition is dissolved.

HOWARD, P. J., and J. P. MORGAN, Special Judge, concur.

SHANGLER, J., not participating because not a member of the Court when the cause was submitted.