**W.R. HALL CONSTRUCTION COMPANY, a Colorado corporation, Plaintiff-Appellant,**

v.

**H.W. MOORE EQUIPMENT COMPANY, a Delaware corporation, Sun Coal Company, Inc., a Colorado corporation and A.T. Massey Co., Inc., a Virginia Corp., Defendants-Appellees.**

No. 82CA0498.

Colorado Court of Appeals, Div. I.

Oct. 14, 1982.

Rehearing Denied Nov. 12, 1982.

Certiorari Denied April 18, 1983.

Conover, McClearn, Heppenstall & Kearns, P.C., Hugh J. McClearn, Michael J. Cook, Denver, for plaintiff-appellant.

Ireland, Stapleton & Pryor, P.C., Tucker K. Trautman, Denver, for defendant-appellee H.W. Moore Equipment Co.

Parcel, Talesnick, Meyer & Schwartz, P.C., Joseph E. Meyers, III, Denver, for defendants-appellees Sun Coal Co., Inc., and A.T. Massey Co., Inc.

COYTE, Judge.

Plaintiff, W.R. Hall Construction Company (Hall), appeals a judgment of the trial court dismissing H.W. Moore Equipment Company (Moore) from its suit filed in Routt County. We reverse.

Hall entered into a contract with Sun Coal Company and A.T. Massey Co., Inc., to mine and deliver coal to those companies. In order to fulfill its contract commitments, Hall purchased heavy equipment from Moore on credit. Hall subsequently ceased mining the coal claiming that the contract was terminated. Sun Coal and Massey then sued Hall for breach of contract.

Following the cessation of mining, Hall negotiated an agreement with Moore for the return and resale of the heavy equipment. Upon being informed that there was a deficiency due on the resale, Hall filed an action against Moore as well as Sun Coal and Massey. In that suit Hall seeks damages for breach of contract from the coal companies in connection with the coal mining agreement. In addition, it seeks money damages from Moore in connection with the resale agreement, as well as a declaratory judgment declaring that Moore is not entitled to a deficiency judgment and that if anything is owed by it to Moore, such damages should be an additional award against the coal companies because of their breach of contract. Thereafter, on Hall's motion, that action was consolidated with the action previously filed by the coal companies.

Prior to the consolidation of the cases, Moore had filed a motion to dismiss for misjoinder of parties. At approximately the same time, Moore also filed a suit against Hall in Adams County, for a deficiency judgment on its sale of the equipment. The trial court granted the motion to dismiss pursuant to C.R.C.P. 20. The court's order of dismissal was certified as a final judgment under C.R.C.P. 54(b) and Hall appeals that judgment.

The sole issue before this court is whether Moore was properly joined as a defendant pursuant to C.R.C.P. 20(a). That rule provides for the permissive joinder of defendants where the right to relief asserted against them jointly, severally, or in the alternative (1) arises out of the same transaction, occurrence, or series of transactions

or occurrences, and (2) there is a common question of law or fact. The broadest possible reading is to be given to the permissive language of the rule. *Sutterfield v. District Court,* 165 Colo. 225, 438 P.2d 236 (1968).

The first criterion of the rule is established because the purchase of equipment from Moore by Hall for use in performing its contract with the coal companies and the subsequent termination of work and resale of the equipment is a series of transactions or occurrences within the meaning of C.R.C.P. 20(a).

Furthermore, there is a common question of law or fact. We agree with Hall's contention that a necessary part of its proof in the proceeding against the coal companies is the amount of damages it has allegedly sustained by reason of the alleged breach of its contract by the coal companies. If the coal companies are liable to Hall, and Hall owes money to Moore, then it is necessary to determine if the coal companies are liable for payment of the money owed by Hall to Moore as consequential damages. It is necessary that Moore be a party to the action so that the nature and extent of the amount owed to Moore by Hall, if any, may be determined in this proceeding.

The judgment of the trial court dismissing Moore as a defendant is reversed, and the cause is remanded for further proceedings.

PIERCE and KELLY, JJ., concur.