JOHN MEEK, appellant, v. LAURA LONG, appellee.

No. 52041.

(Reported in 142 N.W.2d 385)

MAY 3, 1966.

Duffield, Pinegar & Tapscott, of Des Moines, for appellant.

Theodore F. Mantz and Henry W. Wormley, both of Des Moines, for appellee.

MASON, J.—Plaintiff instituted this action at law seeking damages for injuries claimed to have been sustained as the result of two separate falls on an icy sidewalk used in common by defendant's tenants. He alleged in a single division of his petition that due to defendant's negligence he had fallen on defendant's sidewalk in February 1964 and again in January 1965 and on each occasion suffered injuries to his spine.

Defendant asserted plaintiff was suing on two separate actions in a single division and moved the court to require plaintiff to separate and divide the two causes. The trial court sustained defendant's motion and required plaintiff to state each cause of action in a separate division as required by rule 79, Rules of Civil Procedure.

Plaintiff then filed his first amendment to petition consisting of three divisions. Division I, praying for $7500, contained substantially the same allegations as the original petition except paragraph 8, which referred to the fall in January 1965, was omitted. Division II, praying for $32,500, again repeated essentially the same allegations as the original petition except paragraph 7, referring to the fall in February 1964, was omitted. Division III repeated all allegations of the original petition and added as paragraph 21 the following:

"That the injuries and damages to the plaintiff from and after the 22nd day of January, 1965, are a result of the combined effects of the aforesaid fall of February 1964 and the aforesaid fall of January 22, 1965, and the effect upon and the damage to the plaintiff as a result of each fall is inseparable and indivisible from the other and therefore the plaintiff may recover in a separate count that portion of his total damages which is inseparable and indivisible and resulting from said falls." His prayer asked for $40,000 in this division.

Defendant moved to strike Division III of the amended petition on the ground the same was surplusage. The court sustained the motion on this ground "* * * as the alleged occurrences are not closely related in point of time and inasmuch as only one defendant is involved."

Plaintiff's application to this court for permission to take interlocutory appeal was granted. Rule 332, Rules of Civil Procedure.

■ I. Plaintiff assigns the sustaining of defendant's motion to strike as the error relied upon for reversal.

■ Plaintiff contends a person may recover the indivisible portion of his damages resulting from the combined effect of two separate negligent acts or omissions of another, even though it cannot be determined specifically which of the separate acts or omissions caused it, citing in support Maddux v. Donaldson, 362 Mich. 425, 108 N.W.2d 33, 100 A. L. R.2d 1; Ruud v. Grimm, 252 Iowa 1266, 110 N.W.2d 321; and annotation in 100 A. L. R. 2d 1, 16.

We believe the trial court erred in sustaining defendant's motion to strike and that plaintiff's contention should be sustained.

In Ruud v. Grimm, supra, plaintiff claimed to have sustained damages as the result of two consecutive automobile collisions. Plaintiff's car had stopped in line of traffic waiting for oncoming traffic before making a left turn. After he had been stopped for approximately a minute to a minute and one-half, his car was struck from the rear by appellant. As the result of the first collision, both plaintiff and defendant were rendered unconscious; neither recalled the second collision; in from one to three seconds the second defendant struck the rear of appellant's car, forcing it forward, resulting in plaintiff's injuries.

The court observed the evidence as to the collisions and resulting injuries was such the jury would have been entitled to find plaintiff's injury was caused by the first collision or by the second collision, or as the result of both.

The court, citing Maddux v. Donaldson, supra, stated the rule to be, where two or more persons acting independently are guilty of consecutive acts of negligence closely related in point

of time, cause damage to another under circumstances where the damage is indivisible, i.e., it is not reasonably possible to make a division of the damage caused by the separate acts of negligence, the negligent actors are jointly and severally liable. The damage is indivisible when the trier of the facts decides he cannot make a division or apportionment thereof among the negligent actors. However, the court was there considering a situation involving consecutive collisions.

In Maddux v. Donaldson, supra, plaintiff was driving in an easterly direction followed by defendant Bryie, both cars traveling at speeds between 35 and 40 m.p.h. As the cars approached a bend in the road, plaintiff observed an oncoming car proceeding in a "swinging motion" at a high rate of speed. Plaintiff tried to get beyond the skidding car but was unsuccessful and the two cars collided. While plaintiff's car was stopped, with its occupants injured, it was struck again, almost immediately, by the car following.

The case against the skidding driver, Donaldson, was discontinued by plaintiff and the trial court dismissed the case of Mrs. Maddux against Bryie, the driver of the following car, on the ground there was no evidence of damage before this injury from which any inference could be drawn in relation to defendant Bryie's responsibility. Mr. Maddux's case was dismissed on the ground he was contributorially negligent as a matter of law.

The Michigan court reversed and remanded the case, holding injured persons could recover from the driver of the following vehicle for injuries sustained in the collision where the injuries sustained in each collision were not distinct and separate, and there was no reasonable means of apportioning the damages. Here again the court was discussing a fact situation involving consecutive collisions, referred to by some courts as "chain reaction" accidents.

Maddux was followed by Watts v. Smith, 375 Mich. 120, 134 N.W.2d 194, where plaintiff allegedly suffered injuries on the morning and in the afternoon of the same day, in two separate collisions, involving different automobiles. He sued both drivers jointly, alleging both collisions caused the injuries of which he complained. The trial court ordered a severance and

dismissed as to one defendant. The supreme court of Michigan reversed, holding the pleadings raised an issue of fact common to both cases, i.e., the extent of plaintiff's injuries, and joinder was proper under Michigan's rules of procedure. The court stated that if after further proceedings before trial, it should appear necessary to prevent prejudice, the trial court may, within its sound discretion, order separate trials.

The Maddux case is the subject of the annotation appearing in 100 A. L. R.2d, supra. The Ruud case is also cited there.

We do not have in the present situation the question of "joint" tort-feasors, in the ordinary sense, or chain or successive injuries by two separate defendants, but simply a case where one defendant is charged with two independent and tortious acts alleged to have resulted in an indivisible injury. The injuries sustained did not arise from the same accident but from two unrelated accidents as the result of two unrelated alleged acts of negligence at different times.

While we agree with the holdings in both Ruud v. Grimm and the Maddux case, supra, and believe them to be sound as applied to the facts in those cases, we do not feel they are determinative of the issue presented here. We do not understand plaintiff so contends but urges them as support for the proposition that one person may be held liable for indivisible damages resulting from his independent consecutive acts of negligence even though those acts are separated by quite some interval of time. They do contain language we feel is helpful to his contention.

If in the trial of the case plaintiff successfully generates a jury question as to liability for both incidents alleged in Divisions I and II of his petition, the trial court ought to submit Division III to the jury for the purpose of determining the damages, if any, shown by the evidence to be attributable to the whole injury and not solely attributable to either one or the other. Under this circumstance defendant would be liable for the whole injury and damages proximately resulting therefrom and should not be permitted to benefit from inability to attribute all damages to one incident or the other. In the situation we have here defendant would not be required to contribute to pay-

ment of damages that might possibly have been caused by another defendant in a case involving an injury caused by more than one defendant as the result of independent accidents separated by a long interval of time.

On the other hand, if plaintiff fails to generate a jury question as to liability for either incident set forth in Divisions I or II or fails to offer evidence of damages not attributable wholly to one or the other, plaintiff would not be entitled to have Division III considered.

In the trial of this matter it is conceivable plaintiff might have certain medical damages proximately caused by the fall set forth in Division I which are divisible and ascertainable and still other medical expenses proximately caused by the incident set forth in Division II which he can ascertain and divide. The same could be true of loss of time, pain and suffering. However, it may well be that plaintiff's total injury (permanent disability, for instance) cannot be apportioned with reasonable certainty to the fall sustained in February or the one in January of the following year. To deny plaintiff the right to seek recovery for such indivisible portion of his total damage if the jury finds liability on defendant's part for the entire injury, would be prejudicial to plaintiff.

In submitting the matter to the jury, after instructing on the essentials to liability for each incident, the trial court might well say that in the event they found in plaintiff's favor on such liability, they should then consider damages for the whole injury shown to be not solely attributable to either incident. And, it might be wise to propound interrogatories to be answered as to defendant's liability under Divisions I and II with the jury cautioned that in the event their answer to either interrogatory was in defendant's favor, they would then be limited in their consideration of damages to those established as proximately resulting from the incident as to which they find liability.

The action of the trial court in sustaining defendant's motion to strike Division III is reversed and the cause remanded with directions to reinstate plaintiff's Division III.—Reversed and remanded.

All JUSTICES concur.