Donald **TREANOR** and Cynthia S. Treanor, by her next friend and father, Donald Treanor, Appellants,

v.

B. P. E. **LEASING, INC.,** Thomas E. McPherson, and John A. Musselman, Appellees.

No. 52902.

Supreme Court of Iowa.

April 9, 1968.

Richard L. Pinegar, Des Moines, for appellants.

Terrence A. Hopkins, Des Moines, for appellee, John A. Musselman.

Eugene Davis, Des Moines, for appellees, B.P.E. Leasing, Inc. and Thomas E. McPherson.

LARSON, Justice.

In their action for damages against separate defendants for personal injuries received when plaintiff Cynthia S. Treanor was involved in two separate automobile collisions less than two months apart, plaintiffs amended their petition to include a demand for partial damages which were alleged to be inseparable and indivisible. Pursuant to a motion to adjudicate points of law by one defendant, the court struck plaintiffs' amendment and ordered the causes of action against the defendants be separately docketed and tried. Upon timely application, plaintiffs were granted permission to appeal on October 18, 1967, and we now have this appeal.

Several interesting and important issues are raised herein. Although the trial court seems to have based its decision to strike plaintiffs' first amendment to petition on the ground that the allegation disclosed the personal injuries sustained "as a result of two separate accidents, one of which occurred April 16, 1966, and the other June 9, 1966, * * * were not so closely related in point of time as to call for the application of the doctrine of inseparability of damages rendering necessary a joint judgment against separate tort-feasors * * *," we feel there are broader questions involved which must be considered in arriving at a decision in this matter. The primary question, we believe, is whether the pleadings are sufficient to state a cause of action against these defendants upon which relief may be granted, and secondarily, whether the trial court should have found, under plaintiffs' allegations, the question of inseparability of some of the damages and injuries involved factual matters for consideration by a fact-finder and, therefore, was premature in its consideration and ruling on the issue of inseparability as a matter of law. We believe the pleadings are sufficient and that the trial court's rulings were premature.

Plaintiffs' petition contains specific counts of negligence against the individual defendants. Counts I and III relate to Cynthia's claim for injuries, and Counts II and IV relate to her father's claim for medical and dental expenses. Plaintiffs' first amendment followed defendants' motion to strike or docket the causes of action separately, based upon the contention that they were distinct, related to two separate collisions, and did not present any common question of law or fact.

In plaintiffs' amendment it was alleged: "5. That some of the injuries and damages to the Plaintiffs from and after the 9th day of June, 1966, are a result of the combined effects of the collision on April 16, 1966, and a collision on June 9, 1966, and some of the effect upon and some of the damage to the Plaintiffs as a result of each collision are inseparable and indivisible from the other."

█ I. The determination of liability in a particular case may involve questions of fact and law as well as questions of social and judicial policy. Various jurisdictions take various views of these policies. We have rejected the rule that joint liability of wrongdoers, each for all and all for each, exists only where the wrong itself is joint in automobile negligence actions, and have pointed out the negligence of two or more need only concur or combine, and it is not necessary to liability that such persons act in concert or according to plan or agreement. McDonald v. Robinson, 207 Iowa 1293, 224 N.W. 820, 62 A.L.R. 1419; Law v. Hemmingsen, 249 Iowa 820, 826, 89 N.W.2d 386.

█ In Ruud v. Grimm, 252 Iowa 1266, 1272, 110 N.W.2d 321, 324, we recognized the correct rule of liability in consecutive collision cases is that expressed in Maddux v. Donaldson, 362 Mich. 425, 108 N.W.2d 33, 37, 100 A.L.R.2d 1, and citations. We said: "The rule is, where two or more persons acting independently are guilty of consecutive acts of negligence closely re-

lated in point of time, and cause damage to another under circumstances where the damage is indivisible, i. e., it is not reasonably possible to make a division of the damage caused by the separate acts of negligence, the negligent actors are jointly and severally liable." Therein we also pointed out that the damage is indivisible when the trier of the facts decides that they cannot make a division or apportionment thereof among the negligent actors. See Restatement of Torts, Vol. 4, § 879, and 38 Am.Jur., Negligence, § 257, pages 946, 947.

Most of the cases involving apportionment of damages in motor vehicle accidents found in the texts and annotations are of the so-called "chain reaction" type of accidents. See annotations found in 100 A.L.R.2d 20–170. Our own case of Ruud v. Grimm, supra, falls into that category. However, we do not believe the rule or doctrine of indivisibility and inseparable damages should be confined to accidents that almost simultaneously occur. True, we used the words "closely related in point of time" in Ruud v. Grimm, but the significance of that phrase apparently has been given undue emphasis. When enunciated, we had the factual situation before us in mind and did not at that time need to extend the rule beyond that necessary to resolve that situation. The better rule is that, where two or more persons acting independently are guilty of consecutive acts of negligence, causing damage to another under circumstances where the damage is indivisible, the negligent actors are jointly and severally liable. Of course, those acts that are remote or have no reasonable connection with the injury or damages claimed must be excluded. In case of doubt, here again the finder of fact must be afforded an opportunity to decide whether the consecutive acts of negligence are reasonably related to the damage alleged. In re Condemnation of Certain Land, 253 Iowa 1130, 1135, 114 N.W.2d 290. Our most recent case dealing with the time factor in separate action joinders is Meek v. Long, 258 Iowa 1309, 142 N.W.2d 385, 387, 388.

Meek v. Long, supra, did not involve the question of "joint" tortfeasors in the ordinary sense, or successive injuries by two separate defendants, but did involve one defendant charged with two independent and tortious acts alleged to have resulted in an indivisible injury to plaintiff. This injury, it was claimed, did not arise from one accident, but from two unrelated accidents, about eleven months apart, from unrelated acts of negligence. There, as here, the trial court struck the plaintiff's allegation of inseparability and plaintiff appealed. We referred therein to Maddux v. Donaldson, supra, and Watts v. Smith, 375 Mich. 120, 134 N.W.2d 194, involving separate automobile collisions where plaintiff sued both drivers jointly, alleging both collisions caused the injuries of which he complained. In Maddux the Supreme Court reversed the lower court's order of severance and held the pleadings raised an issue of fact common to both cases, i. e., the extent of plaintiff's injuries. It is interesting to note the directional words of the Michigan court on remand. It stated that *if* after further proceedings it should appear necessary to prevent prejudice, the trial court may, within its sound discretion, order separate trials. We also believe here if plaintiffs fail to generate a jury question as to liability of either defendant, or fail to produce evidence of damages which is not attributable wholly to one or the other accident or evidence of an injury which could not be apportioned with reasonable certainty to either accident, then the court could within its sound discretion strike the plaintiffs' amendment and separate the actions. To deny plaintiffs at this stage the right to seek recovery for an alleged indivisible portion of the total damage, if the jury finds liability on both defendants and a portion of the injury inseparable, would be prejudicial to plaintiffs.

As indicated in Meek v. Long, supra, if after trial the evidence supports plaintiffs' contentions, three verdicts would probably result, one against one defendant for those injuries shown to be solely attributable to him, another for those injuries shown to be solely attributable to the other defendant, and a third against both defendants jointly and severally for the injuries shown which could not with reasonable certainty be attributable solely to either. It has been suggested that loss of time, pain and suffering, and permanent disability could fall into the latter category. Under proper instructions we are convinced the fact-finder is the proper party to make these determinations and assess these damages.

Maddux v. Donaldson, supra, states as to apportioning damages for injuries caused by concurrent tortfeasors, the rule is that, although concurrent tortfeasors generally are not jointly and severally liable when their acts cause distinct and separate injuries, or where some reasonable means of apportioning the damages was evident, the driver of the second vehicle involved was jointly and severally liable for all of the plaintiff's injuries if the injuries were indivisible and the liability therefor could not be allocated with reasonable certainty to the two collisions.

■ In Shacter v. Richter, 271 Minn. 87, 135 N.W.2d 66, the Minnesota Supreme Court held there was a fact question as to injuries sustained in separate automobile accidents, approximately three and a half years apart, common to both actions brought by the same plaintiff, and that the trial court did not exceed its authority in consolidating the actions. In doing so, it considered the Minnesota Rules of Civil Procedure, Rules 20.01 and 42.01, which are similar to our rules permitting joinder when the actions involve common questions of law and fact. (See Iowa Rules 24 and 186, R.C.P.) In his special concurrence Justice Sheran had this to say: "Where a unitary injury results from successive but separate torts, there is as between the tortfeasors a common question of fact, i. e., to what extent did the injuries result from the first accident and to what extent from the second. This may not be a logical certainty, but experience suggests that it is a practical one. In separate trials, the plaintiff suffering from an injury due to two unrelated accidents can be expected to attribute the bulk of his trouble to the defendant at hand; and that defendant can be expected to insist that the absent party was the one whose wrong really caused the loss. Once liability is established, a more fair allocation of responsibility for the damage caused by one and aggravated by another might be expected if the plaintiff and the successive tortfeasors litigate the damage question at one time." We agree. To strike or dismiss a pleading which alleges such a claim before hearing evidence on the alleged inseparability would be to deny plaintiff his day in court and seriously prejudice his right of full recovery.

■ II. The function of a pleading, of course, is to put the other party on notice of what the pleader intends to prove and define the issues. In re Condemnation of Certain Land, supra, 253 Iowa 1130, 1134, 114 N.W.2d 290; Harrison v. Allied Mutual Casualty Co., 253 Iowa 728, 113 N.W.2d 701. In ruling on a motion to strike, the trial court should merely determine whether there are ultimate issues to be tried and should not try the issues at that time.

Although the court's rulings were not specifically made upon defendants' motions to strike and dismiss, that was the effect of its determination in adjudicating law points. It is clear the court's ruling was based on its conclusion that plaintiffs had failed in the amendment to state a cause of action upon which relief may be granted. Our conclusion in Division I that a cause of action may be maintained to recover for inseparable injuries suf-

**8**

fered by a plaintiff in separate accidents leaves only the question as to whether plaintiffs' petition meets the prescribed functions of a pleading. As bearing on this proposition, also see Schwartz v. Swan, 63 Ill.App.2d 148, 211 N.W.2d 122. We are satisfied it does, and that the cause must be remanded for the reinstatement of plaintiffs' amendment to petition and rejoinder of Counts I and II with Counts III and IV on the docket, and for further proceedings in conformity with the views expressed herein.

Reversed and remanded.

All Justices concur, except STUART, J., who dissents.