115 N.J. Super. 133 (1971)
278 A.2d 500
SHERRY ANN QUAGLIATO, ROCCO QUAGLIATO AND CHARLOTTE QUAGLIATO, PLAINTIFFS-APPELLANTS,
v.
NATHAN BODNER, DEFENDANT-RESPONDENT. SHERRY ANN QUAGLIATO, ROCCO QUAGLIATO AND CHARLOTTE QUAGLIATO, PLAINTIFFS-APPELLANTS,
v.
HAROLD ZEMANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted June 2, 1971.
Decided June 10, 1971.
*134 Before Judges KILKENNY, HALPERN and LANE.
Mr. Herman J. Ziegler, attorney for appellants.
Messrs. Conant, Halberstadter & McGuire, attorneys for respondent Nathan Bodner (Mr. Edward J. McCreedy, of counsel).
*135 Messrs. Oppenheim & Oppenheim, Attorneys for respondent, Harold Zemany, submitted Statement In Lieu of Brief.
The opinion of the court was delivered by LANE, J.A.D.
Plaintiffs appeal upon leave granted from an order dated August 14, 1970 that "the above captioned matters be severed and tried separately as to all issues for the purpose of trial in the Superior Court, Law Division, Union County," and from an order dated October 19, 1970 denying a rehearing.
On July 7, 1967, Sherry Ann Quagliato, under 21 years of age at the time of the accidents, was operating an automobile which was struck in the rear by an automobile owned and operated by Harold Zemany. On September 12, 1967, Sherry Ann Quagliato was the operator of an automobile which was struck at an intersection by an automobile owned and operated by Nathan Bodner. In March 1969 separate suits were instituted against each defendant to recover damages for her injuries sustained in each accident. By motion filed July 29, 1969, plaintiffs moved to consolidate the two actions "as to damages only upon the grounds that they involve common injuries to plaintiff which may prove difficult to apportion or allocate to each particular defendant." Although notice of the hearing date of the motion was given to the attorney for each defendant, no appearance was made in opposition to the motion. An order dated August 19, 1969, was signed by Judge Milton A. Feller providing "that the within causes of action be and they are hereby consolidated for trial on the question of damages only. The question of liability in each case will be tried separately after which trials, and in the event plaintiff is successful in both cases, the question of damages will be tried jointly."
On June 24, 1970, Bodner filed a notice of motion that he would apply to the court on July 3, 1970, "for an order vacating the order of the court of August 19, 1969, consolidating the above matters, and make application for them to be severed and tried separately as to all issues." The *136 motion was heard by a different judge, and the relief sought was granted by the August 14, 1970 order. After the entry of this order, application was made by plaintiffs to the Law Division for a rehearing of the motion and, alternatively, for "a stay on the trial of the issues of damages in each of the within causes pending the resolution of all issues of the liability in the trial of the two cases." The judge who signed the August 14, 1970 order filed a letter-opinion denying the application. An order dated October 19, 1970, was entered providing that "the applications for the consolidation of the within causes of action and the application for a stay of the trial of the issues on the question of damages be and they are hereby denied."
In interrogatories answered by Sherry Ann Quagliato in the Zemany action she set forth that her injuries in part were "cervical sprain, whiplash type injury; acute sprain and strain of cervical spine; acute lumbar sprain." Allegedly she was confined to a hospital from July 8 to July 24, 1967, and from September 13 to September 16, 1967.
In interrogatories answered by her in the Bodner action she set forth that her injuries in part were "cervical sprain, whiplash type injury;" "aggravation of lower back and upper back conditions from accident of July 7, 1967." She alleged that she was confined to a hospital from September 13 to September 16, 1967.
In her deposition plaintiff stated that the injuries she sustained in both accidents were to the same areas of her body and that her complaints following each accident were similar. The physician who had treated her since July 8, 1967, testified on deposition that the injuries and complaints arising from each accident were to the same area of plaintiff's body. He said that he could not separate the injuries sustained in the second accident from those injuries sustained in the first accident but that there was an aggravation to the injuries sustained in the first accident as a result of the second accident. He testified, "I cannot at all divide any portion of *137 her pain today and make it attributable to the first injury or the second injury."
We note that Judge Feller's order of August 19, 1969, consolidating the damage issue, was not specifically vacated by the August 14, 1970 order. It seems clear to us, however, that the judge signing the August 14, 1970 order intended it to vacate Judge Feller's earlier order. We will so consider its effect.
We strongly disapprove of the procedure followed by Bodner and concurred in by Zemany. If they were dissatisfied with Judge Feller's order, the proper procedure would have been to apply for leave to appeal under R. 2:2-4 or to move before Judge Feller to vacate the order under R. 4:50-1. Bodner's motion directed to the August 19, 1969 order was filed June 24, 1970, and was to be heard July 3, 1970. Judge Feller was sitting in the same Division, in the same county, throughout July 1970. We should not have to say that under these circumstances a motion for relief pursuant to R. 4:50-1 should properly have been brought on for hearing before Judge Feller, the judge who signed the order sought to be vacated. We see no reason for a different judge consenting to hear defendant's motion. The fact that the motion was not actually moved for hearing until August 14, when Judge Feller was on vacation, does not alter our opinion. The hearing should have been adjourned until his return from vacation. The circumstances would have been different if Judge Feller had no longer been sitting in the Law Division in Union County or if an emergency existed. We pass this procedural deficiency and go to the merits.
Apparently the second judge based his decision upon either R. 4:50-1(a) or R. 4:50-1(f). R. 4:50-1(a) provides that the court may relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect." There was before the court an affidavit by the former attorney for Zemany. This affidavit states that that attorney was aware that plaintiffs' motion to consolidate was listed for argument. He alleges that he decided the night before the return day of *138 plaintiffs' motion that he would appear in court the following day to oppose the motion but that when he appeared the motion had already been heard. The attorney continues to say in his affidavit, "I then advised Mr. Ziegler, by letter, that I was not happy with the consolidation and felt that the matter was improperly consolidated and that the prior order should be rescinded." That letter was dated August 21, 1969. A motion for rehearing or an application for leave to appeal could have been promptly filed.
There was no mistake, inadvertence or surprise. The only possible justification under R. 4:50-1(a) would be excusable neglect on the part of the attorney. By no stretch of the imagination can the attorney's tardiness on the day the motion was listed be considered excusable neglect.
There was some indication during the argument on defendant's motion before the second judge that he felt Judge Feller's order was inadvertently entered and, therefore, should be vacated under R. 4:50-1(f) which provides that the court may relieve a party from an order for "any other reason justifying relief from the operation of the judgment or order." If the second judge granted the relief under that provision, he would have had to conclude that Judge Feller had entered the original order through an erroneous interpretation of the law. However, to obtain relief from an order under R. 4:50-1(f), one must show that the enforcement of the order would be unjust, oppressive or inequitable. Greenberg v. Owens, 31 N.J. 402, 411 (1960) (Jacobs, J., dissenting).
It appears from what is before us at this time that plaintiff sustained injuries to the same portion of her body as a result of two entirely separate automobile accidents. The facts are distinguishable from those in Hill v. Macomber, 103 N.J. Super. 127 (App. Div. 1968), only as to the interval of time between the two accidents. The reasoning of that opinion at pp. 136-137 is directly applicable. Consolidation of the issues of damages in this case flows logically from what we said there. A gross injustice could result to *139 plaintiffs or to defendants if plaintiffs were compelled to try separately against each defendant the issue of damages. Cf. Ristan v. Frantzen, 14 N.J. 455, 461-462 (1954).
In Treanor v. B.P.E. Leasing, Inc., 158 N.W.2d 4 (Sup. Ct. Iowa 1968), the court held that it was error to order the plaintiff to have separate trials against two alleged tortfeasors to recover damages for injuries sustained in two separate accidents less than two months apart where the plaintiff alleged that certain of the damages were "inseparable and indivisible." The court stated:
As indicated in Meek v. Long, supra [258 Iowa 1309, 142 N.W.2d 385, 387, 388], if after trial the evidence supports plaintiffs' contentions, three verdicts would probably result, one against one defendant for those injuries shown to be solely attributable to him, another for those injuries shown to be solely attributable to the other defendant, and a third against both defendants jointly and severally for the injuries shown which could not with reasonable certainty be attributable solely to either. * * * Under proper instructions we are convinced the fact-finder is the proper party to make these determinations and assess these damages. [158 N.W.2d at 7]
In that case the court permitted a consolidated trial not only as to damages but also as to liability. We are not to be understood to approve a consolidation as to liability as well as damages where there are two separate accidents separated by an appreciable period of time. We fully subscribe to the Iowa Supreme Court's holding as to the verdicts the jury should be instructed to return in the event both defendants are held liable in the separate trials on liability. The finding as to whether, or what portion of, the injuries are indivisible is properly left to the jury. The Michigan Supreme Court in Maddux v. Donaldson, 362 Mich. 425, 108 N.W.2d 33 (Sup. Ct. 1961), stated:
When the triers of the facts decide that they cannot make a division of injuries we have, by their own finding, nothing more or less than an indivisible injury, and the precedents as to indivisible injuries will control. [108 N.W.2d at 37]
*140 See also Sutterfield v. District Court, 165 Colo. 225, 438 P.2d 236 (Sup. Ct. 1968); Schwartz v. Swan, 63 Ill. App. 2d 148, 211 N.E.2d 122 (App. Ct. 1965) (cert. or appeal denied or dismissed); Watts v. Smith, 375 Mich. 220, 134 N.W.2d 194 (Sup. Ct. 1965); 4 Restatement, Torts, § 879, p. 446 (1939); 1 Harper and James, The Law of Torts, § 10.1, p. 692 (1956); Prosser on Torts, § 42, p. 247, 255 (3d ed. 1964); Id., § 44, p. 260; Annotation, "Apportionment of Damages Involving Successive Impact By Different Motor Vehicles," 100 A.L.R.2d 16 (1965).
Clearly, Judge Feller's order consolidating these actions for trial "on the question of damages only" was entirely correct. Assuming a proper application had been made for relief from that order under R. 4:50-1(f), it was erroneous to grant the motion.
The orders of the Law Division dated August 14, 1970, and October 19, 1970, are vacated. The matters will proceed to trial as expeditiously as possible under Judge Feller's order of August 19, 1969, and if both defendants are found to be liable, as supplemented herein.
Costs will be taxed on this appeal for the plaintiffs against both defendants.