VIRGINIA MARUSSICH, PLAINTIFF, v. JAMES MARUSSICH, DEFENDANT.

Superior Court of New Jersey
Chancery Division Family Part
Bergen County

Decided December 6, 1985.

164

Ronald G. Collins for plaintiff (Orbe, Nugent & Collins, attorneys).

James Marussich, defendant pro se.

Jon J. Auty for Linda Manhart (Breslin & Auty, attorneys).

SORKOW, J.S.C.

The facts of this case confirm the efficacy of the recent consolidation of the several courts that formerly had jurisdiction over family issues into a unified Family Division.

Plaintiff's application seeks to obtain consolidation of plaintiff's dissolution action with a case pending on this court's paternity calendar and vacation of certain default judgments entered in the latter proceeding.

The parties to the dissolution proceedings, Virginia and James, were married in 1964. Three children were born of the marriage. The parties have not lived together since May 1984.

It appears that James was earlier named as the putative father and defendant in a paternity action commenced by Linda Manhart in May 1984. Prior thereto in 1983, the common defendant, James Marussich, apparently acknowledged paternity in a contract for support of a child born to Linda Manhart.

Service of the paternity complaint was made pursuant to R. 4:4–4(a). It was Virginia Marussich who accepted service for her husband in May 1984. This was her first knowledge of defendant's marital transgression. Shortly thereafter, she began her dissolution proceeding.

A pendente lite support order in the dissolution proceeding called for defendant-father to pay $375 a month for three children. Alimony was not awarded.

As a result of the agreement between the putative father and the mother of the child born out of wedlock in December 1984, an order of support for said child in the sum of $500 a month was entered. The paternity trial judge was not informed of the existence of Mr. Marussich's family of three children.

Several default judgments against the obligor in the paternity action were obtained by Linda Manhart. They, of course, create liens against defendant's interest in the marital home owned as tenants by the entirety.

Linda Manhart seeks to intervene in the dissolution action. Virginia Marussich seeks to set aside and cause to be vacated the default judgments entered against her husband in the paternity proceeding.

The first issue to be addressed by this court is whether the paternity suit instituted by Linda Manhart against James Marussich and the complaint for divorce instituted by Virginia Marussich against James Marussich should be consolidated.

*R.* 4:38-1 controls the issue of consolidation. That rule provides:

> When actions involving a common question of law or fact arising out of the same transaction or series of transactions are pending in the Superior Court, the court on a party's or its own motion may order the actions consolidated.

Both cases here involved a common defendant. Both cases seek support from that common defendant. Facts and conclusions that result in one case will certainly have an impact upon the other. The three children of plaintiff Marussich have an interest in the outcome of the *Manhart* case since the amount of child support awarded in *Manhart* will affect the amount of support available for them in *Marussich.* Conversely, the alleged putative child of defendant has an interest in the amount awarded for child support in the *Marussich* action as well.

Additionally, there is statutory authority to support the proposition that the three children of the marriage have a legitimate

interest in the outcome of the *Manhart* action as further justification to consolidate. *N.J.S.A.* 9:17–45(a) provides that:

> any person with an interest recognized as justiciable by the court may bring or defend an action or be made a party to an action at any time for the purpose of determining the existence or non-existence of the parent and child relationship

The three children represented by their mother clearly have a justiciable interest to protect, to wit: their entitlement to child support. The court is authorized to make them parties to the action at any time.

Accordingly, the court on its own motion orders that the action of *Marussich v. Marussich*, Docket No. FM–08060–85 and *Manhart v. Marussich*, Docket No. D–910–84 be consolidated into one action.

■ Since plaintiff, Virginia Marussich, is now a party to the *Manhart* action, she has standing to petition this court for relief requested in her motion to vacate default judgments entered against her husband.

The second issue to be addressed by this court is whether the default judgments entered against defendant for the support of his putative child should be set aside. Under *R.* 4:50–1 the court may allow relief from a final judgment of divorce for the following reasons:

> (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated, intrinsic or extrinsic) misrepresentation or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged or a prior judgment or order upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or order should have prospective application or (f) any other reason justifying relief from the operation of the judgment or order.

■■ This court interprets *R.* 4:50–1 and holds that plaintiff Virginia Marussich is entitled to the relief afforded by *R.* 4:50–1(f). A motion to vacate a judgment is at the discretion of the court, but guided by equitable principles. *Hodgson v. Applegate*, 31 *N.J.* 29, 37 (1959). This court is most concerned

that the interests of the children are protected and that a result is ultimately reached that is just, fair and equitable to their interests. *Quagliato v. Bodner*, 115 *N.J.Super.* 133, 138 (App. Div.1971).

Presently, Linda Manhart, on behalf of the alleged putative child of defendant has been awarded child support in the sum of $500 a month for one child while the other three children receive only $315 a month collectively ($105 per child). One child of a parent should not benefit to the detriment of the other children of that parent.

What is in the best interest of all of defendant's children is paramount. Equity compels judicial intervention to rectify a result that was unintentionally and inadvertently reached. Had the court in the *Manhart* action been made aware that defendant had three other children, it would have most certainly taken that factor into account when it structured a child support award. The fact that plaintiff, Virginia Marussich, failed to intervene in the *Manhart* action any sooner is no reason to penalize her three children.

The court orders that any and all default judgments entered against James Marussich for the support of this putative child be set aside and that the issues of arrearages and *pendente lite* support for all four children shall be reconsidered upon the submission of the appropriate motions from all interested parties.

Such an order serves to bring together in one family action the interests of the husband and wife, three children and the illegitimate child born of defendant's meretricious relationship. Common fact issues can now be determined and relevant law questions can now be answered. The best interests of all the children involved can be addressed at one time without multiplicity of suits—a wrong that is redressed by the new Family Part of the Superior Court.

It is noted that the common defendant has not complied with any order of this court. He has eloped, refuses to defend any

action against him and has not contributed to the support of any of his children. It is clear that his marital estate may be required as security for compliance and/or satisfaction of any order this court may enter.

Other issues noted in briefs filed need not yet be addressed and are reserved to future proceedings.

Counsel for Virginia Marussich will submit an order in accordance with the foregoing opinion.