NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2906-15T4

JACQUELINE JALIL, LUISA
ROJAS, and TANIA MENA,

    Plaintiffs-Respondents,

v.

PILGRIM MEDICAL CENTER and
DR. NICHOLAS CAMPANELLA,

    Defendants-Appellants.

_____

Submitted May 2, 2017 — Decided May 9, 2017

Before Judges Fasciale and Sapp-Peterson.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Docket No. L-7913-
13.

Crew Schielke, attorney for appellants.

Deutsch Atkins, P.C., attorneys for
respondents (Adam J. Kleinfeldt and Kathryn
K. McClure, of counsel and on the brief;
Michael Malatino, on the brief).

PER CURIAM

    Pilgrim Medical Center (PMC) and Nicholas V. Campanella, M.D.

(Dr. Campanella) (collectively defendants) appeal from a March 4,

2016 order denying defendant's cross-motion to vacate default judgment, quash an information subpoena, reinstate an answer, and extend discovery. Judge Dennis F. Carey, who was thoroughly familiar with the case, entered the order and rendered an oral opinion. We affirm.

In October 2013, Jacqueline Jalil, Luisa Rojas, and Tania Mena (collectively plaintiffs), filed a complaint against defendants alleging violations of the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -49. In February 2014, defendants filed an answer. Thereafter, the parties proceeded to pre-trial discovery.

In April 2014, plaintiffs propounded interrogatories and a notice to produce documents. Defendants failed to respond. In September 2014, plaintiffs' counsel notified defendants' counsel about the deficiency. Defendants ignored the notice. Plaintiffs then filed a motion to suppress defendants' answer without prejudice pursuant to Rule 4:23-5(a)(1) for failure to answer interrogatories.

In November 2014, defendants served plaintiffs with interrogatory answers and responses to plaintiffs' notice to produce. Plaintiffs' counsel withdrew the motion, but wrote defendants' counsel a letter identifying the deficiencies in discovery.

Defendants' counsel did not respond to the letter. In May 2015, plaintiffs' counsel sent a sixteen-page deficiency letter itemizing the inadequate responses that went to the foundation of the cause of action. The letter provided specifics as to the discovery problems and stated that defendants responded "ambiguously" to "nearly every [d]ocument [r]equest," and explained that many requests went unanswered. Once again, defendants' counsel did not respond.

In May 2015, plaintiffs filed a second motion to suppress defendants' answer without prejudice pursuant to Rule 4:23-5(a)(1) for failure to answer interrogatories. Plaintiffs also filed a motion to compel production of the outstanding documents pursuant to Rule 4:23-5(c). In June 2015, defendants' first counsel withdrew and a new attorney filed a substitution of attorney. Both lawyers received notice of the motions.

On June 26, 2015, the judge granted both motions, which were unopposed. He suppressed defendants' answer without prejudice for failure to answer interrogatories pursuant to Rule 4:23-5(a)(1) and (2); and on the same date, he compelled defendants to provide by July 12, 2015, more specific responses to plaintiffs' document request pursuant to Rule 4:23-5(c). Plaintiffs' counsel properly served the orders on the new attorney, which defendants duly ignored.

On July 21, 2015, plaintiffs moved to suppress defendants' answer pursuant to Rule 4:23-2(b), not Rule 4:23-5(a)(2), arguing that defendants failed to comply with the June 2015 order compelling production of documents by a date certain. Defendants did not oppose the motion. On August 7, 2015, the court suppressed defendants' answer with prejudice. The record reflects plaintiffs' counsel properly served that order on defendants' new attorney.

In September 2015, and on notice to counsel, the court scheduled a proof hearing for October 15, 2015. At the proof hearing, which defendants and their counsel failed to appear, plaintiffs testified about their employment, termination, and economic and emotional distress damages. In November 2015, plaintiffs' counsel filed a motion for attorneys' fees and costs. On the return date of that motion, defendants' counsel filed opposition only to the fee application. On December 4, 2015, the court entered final judgment by default. Thereafter, plaintiffs recorded a lien on their default judgment under Docket No. J-021645-16.

Plaintiffs engaged in supplementary proceedings by serving several information subpoenas. Defendants failed to respond, which resulted in plaintiffs filing a motion to enforce litigants' rights in January 2016. That month, a third attorney for

defendants filed a partial substitution of attorney and entered an appearance as defendants' co-counsel. In March 2016, co-counsel filed another substitution of attorney after defendants' second counsel withdrew.

On February 10, 2016, defendants filed a cross-motion to vacate default judgment, quash plaintiffs' subpoenas, reinstate defendants' answer and reopen discovery for a period of 120 days. On March 4, 2016, the court denied defendants' cross-motion, and in a separate order, the court granted plaintiffs' motion to enforce litigants' rights.

The judge denied defendants' motion to vacate default judgment and wrote on the order that defendants did not show a meritorious defense or excusable neglect pursuant to Rule 4:50-1. The judge stated in his oral opinion that defendants did not oppose the motion to suppress with prejudice and did not oppose the request to schedule a proof hearing. In denying defendants' cross-motion, Judge Carey considered the arguments and stated further that

> [a]s far as excusable neglect goes, it is clear to this court, without question, that the attorneys representing the -- the defendant throughout the course of this litigation ha[ve] been extremely neglectful, dilatory and has just basically ignored the file. But plaintiff[s'] counsel have gone out of their way to notice them, to try to contact them and despite all of the notices and

> contact, no action was taken, and this court is satisfied without question that there is no excusable neglect here.

On appeal, defendants argue generally that they are entitled to relief pursuant to Rule 4:50-1. Defendants also contend that the judge failed to follow the two-step process of suppressing an answer pursuant to Rule 4:23-5(a)(1) and (2). They contend that plaintiffs circumvented this rule by prematurely moving to suppress the answer with prejudice.

We conclude that defendants' arguments as to the suppression of their answer with prejudice are untimely and without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Turning to defendants' Rule 4:50-1 contentions, we review the trial court's decision on a motion to vacate a default judgment for abuse of discretion. Deutsche Bank Nat'l Trust Co. v. Russo, 429 N.J. Super. 91, 98 (App. Div. 2012). "'The trial court's determination under [Rule 4:50-1] warrants substantial deference,' and the abuse of discretion must be clear to warrant reversal." Ibid. (alteration in original) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)). "[An] abuse of discretion only arises on demonstration of 'manifest error or injustice[,]'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial judge's

6

"decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)).

We will not disturb a default judgment unless the failure to appear or otherwise defend was excusable under the circumstances and unless the defendant has a meritorious defense to both the cause of action and damages. Guillaume, supra, 209 N.J. at 468-69. Attorney carelessness or lack of proper diligence does not constitute excusable neglect unless "attributable to [an] honest mistake" that is compatible with due diligence or reasonable prudence. Baumann v. Marinaro, 95 N.J. 380, 394 (1984) (quoting In re T, 95 N.J. Super. 228, 235 (App. Div. 1967)); see also Quagliato v. Bodner, 115 N.J. Super. 133, 138 (App. Div. 1971) (holding that excusable neglect under Rule 4:50-1(a) does not include an attorney's tardiness on the day a motion he was opposing was listed and consequently argued and disposed of in his absence).

Even assuming that defendants have a meritorious defense, which defendants have not established on this record, there exists no excusable neglect attributable to an honest mistake that was compatible with due diligence or reasonable prudence. We reject any suggestion that defendants' attorneys did not receive notices

on the various motions or proof hearing. Such an assertion is belied by the record.

Defendants fare no better under Rule 4:50-1(f), which permits courts to vacate judgments for "any other reason justifying relief from the operation of the judgment or order." The Court has stated that "[b]ecause of the importance that we attach to the finality of judgments, relief under Rule 4:50-1(f) is available only when 'truly exceptional circumstances are present.'" Hous. Auth. of Morristown v. Little, 135 N.J. 274, 286 (1994) (quoting Baumann supra, 95 N.J. at 395); see also Guillaume, supra, 209 N.J. at 484. The rule is limited to "situations in which, were it not applied, a grave injustice would occur." Little, supra, 135 N.J. at 289. Defendant's inexcusable failure to repeatedly respond to ongoing discovery deficiencies and an order to compel production of documents does not qualify as exceptional circumstances warranting relief under this subsection.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2906-15T4