**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0692-21

DR. MAVIS FAULKNOR,

     Plaintiff-Appellant,

v.

COUNTY OF HUDSON,
MEADOWVIEW PSYCHIATRIC,
HOSPITAL, and DR. EDWARD
CARUSO,

     Defendants-Respondents,

and

JOANNE D. REILLY, PAT
SHIELS, DARICE TOON,
GERALD DRASHELF, DR.
ALEXANDER DELGA, ARLENE
DEANO, RODERICK T.
BALTIMORE, ALEXANDER C.
LOCATELLI, GEORGINA
PALLITTO, ELINOR GIBNEY,
and DR. MARIAN BEKHIT,

     Defendants.

_____

Submitted September 24, 2024 – Decided December 16, 2024

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket Nos. L-4336-17 and L-3792-18.

Cecile D. Portilla, Attorney at Law, LLC, attorney for appellant (Cecile D. Portilla and Eldridge T. Hawkins, on the briefs).

Chasan, Lamparello, Mallon & Cappuzzo, PC, attorneys for respondent County of Hudson (Cindy Nan Vogelman, of counsel and on the brief; Priscilla E. Savage, on the brief).

Lamb Kretzer, LLC, attorneys for respondent Dr. Edward Caruso (Robert D. Kretzer, on the brief).

PER CURIAM

This case arises from an employment discrimination lawsuit that plaintiff Dr. Mavis Faulknor, a former employee of Meadowview Psychiatric Hospital (Meadowview), filed against defendants Hudson County, Meadowview, Dr. Edward Caruso, and others. In this appeal, we address plaintiff's challenge to Assignment Judge Jeffrey R. Jablonski's September 24, 2021 Law Division order denying plaintiff's motion for reconsideration of Judge Anthony V. D'Elia's order denying reconsideration of his order granting defendants' motion for summary judgment dismissal. Plaintiff also appeals Judge Jablonski's order denying her motion to recuse Judge D'Elia and change venue to another county.

After carefully reviewing the record in light of the governing legal principles and parties' arguments, we affirm substantially for the reasons explained in Judge Jablonski's oral opinion.

I.

We summarize the facts and procedural history pertinent to the narrow issues presented in this appeal. In March 2015, Hudson County hired plaintiff to work part-time as an Advance Practice Nurse at Meadowview. She became a full-time employee in August 2015. While employed at Meadowview, plaintiff faced one minor disciplinary action and three major disciplinary actions.

In August 2017, a day before the scheduled hearing on one of the disciplinary actions, plaintiff filed a complaint against Hudson County, Meadowview, Dr. Edward Caruso, and other defendants alleging violations of the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. 10:5-1 to -49, interference with plaintiff's economic interest, breach of the implied covenant of good faith and fair dealing, official deprivation of civil rights, defamation, abuse of process, and various constitutional violations. Plaintiff amended her complaint several times. In sum, plaintiff alleged that defendants created a hostile work environment and "treated [p]laintiff in a disparate fashion from the whites, East Indians and those which were not whistleblowers" at Meadowview.

3

In March 2021, Hudson County moved for summary judgment and dismissal of plaintiff's complaint. Plaintiff cross-moved for summary judgment. The parties entered a stipulation of dismissal as to all defendants other than Hudson County, Meadowview, and Dr. Caruso.

On June 3, 2021, Judge D'Elia entered an order granting defendants' motions for summary judgment and dismissing plaintiff's complaint with prejudice. In a written opinion, Judge D'Elia concluded that no facts in the record or plaintiff's opposition papers "could support a reasonable jury finding in favor of the [p]laintiff" or that any of "what occurred was related to race." With respect to plaintiff's retaliation claims, Judge D'Elia determined the record, even considered in a light most favorable to plaintiff, demonstrated that defendants acted permissibly in disciplining plaintiff and included no specific evidence supporting a retaliatory motive.

On June 23, 2021, plaintiff filed a motion for reconsideration of the June 3, 2021 order as well as a notice of motion to recuse Judge D'Elia, alleging that "Judge Delia [sic] has NOT been properly trained by the New Jersey Court system" and "NEVER CONSIDERED PLAINTIFF'S counsel's legal arguments."

A-0692-21

On August 6, 2021, Judge D'Elia entered two orders, one denying plaintiff's motions for reconsideration and the other denying plaintiff's motion for recusal.[1]

Plaintiff did not appeal Judge D'Elia's orders. Instead, on August 30, 2021, plaintiff filed a motion before Judge Jablonski to reconsider and vacate Judge D'Elia's orders, and seeking a change of venue. The motion was brought principally pursuant to Rules 4:49-2, 4:50-1, and 4:3-3.

On September 24, 2021, Judge Jablonski entered an order denying plaintiff's motions. In an oral decision on the record for September 23, 2021, Judge Jablonski explained that the motion to reconsider was time-barred under Rule 4:49-2. He also ruled that plaintiff's claims of judicial bias lacked support in the record, and that there was "no cause to transfer the matter out of Hudson County, . . . the venue in which it has been pending since 2017."

On November 5, 2021, plaintiff filed a notice of appeal. On February 24, 2022 and March 1, 2022, Dr. Caruso and Hudson County, respectively, filed

[1] Plaintiff's original notice of appeal and multiple amended case information statements incorrectly identified the date of entry of one or both of the August 6, 2021 orders as August 10, 2021. Both orders (denying reconsideration and denying recusal) are dated and stamped as filed on August 6, 2021. Plaintiff's final amended case information statement correctly identifies August 6, 2021 as the entry date of both orders.

motions to dismiss plaintiff's appeal as untimely. On April 18, 2022, we entered an order granting in part and denying in part defendants' motions to dismiss the appeal. Specifically, we dismissed the appeal of all orders except for the "September 24 and 27, 2021 orders"[2] in which Judge Jablonski denied plaintiff's motion to vacate Judge D'Elia's orders and transfer venue of the case to another county. Judge D'Elia's orders granting summary judgment to defendants, denying reconsideration, and denying plaintiff's motion for recusal, therefore, are not part of this appeal.

Plaintiff contends that Judge Jablonski abused his discretion by refusing to vacate Judge D'Elia's orders denying reconsideration and recusal, raising numerous specific examples of Judge D'Elia's rulings that plaintiff claims were erroneous.

## II.

We first address plaintiff's contentions with respect to Judge Jablonski's order denying reconsideration of or to vacate Judge D'Elia's orders. Plaintiff's application to Judge Jablonski with respect to the orders previously entered by

---

[2] Plaintiff's notice of appeal mentioned a September 27, 2021 order denying a transfer of venue, however, plaintiff later corrected and amended the notice to reflect only September 24, 2021 as the date of the orders, including the venue transfer.

A-0692-21

Judge D'Elia were made pursuant to Rules 4:50-1 and 4:49-2. We review a trial judge's decision on a motion for reconsideration under Rule 4:49-2 or a motion to vacate under Rule 4:50-1 for an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021); Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994). "A court abuses its discretion when its 'decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. Chavies, 247 N.J. 245, 257 (2021) (quoting State v. R.Y., 242 N.J. 48, 65 (2020)). "[A] functional approach to abuse of discretion examines whether there are good reasons for an appellate court to defer to the particular decision at issue." R.Y., 242 N.J. at 65 (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). "When examining a trial court's exercise of discretionary authority," an appellate court will "reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark Morning Ledger Co. v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

Rule 4:49-2, governing motions for reconsideration, states:

> Except as otherwise provided by R. 1:13-1 (clerical errors), a motion for rehearing or reconsideration seeking to alter or amend a judgment or final order shall be served not later than [twenty] days after service of

7

the judgment or order upon all parties by the party obtaining it. The motion shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions that counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or final order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

Reconsideration under Rule 4:49-2 is intended only "for those cases which fall into that narrow corridor in which either (1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." In re Belleville Educ. Ass'n, 455 N.J. Super. 387, 405 (App. Div. 2018) (alterations in original) (quoting Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996)).

Here, plaintiff filed her motion to reconsider Judge D'Elia's orders on August 30, 2021, more than twenty days after Judge D'Elia entered the August 6, 2021 orders denying plaintiff's motions for recusal and reconsideration of the order granting summary judgment. Thus, the motion was not timely under Rule 4:49-2. Rule 1:3-4(c) expressly prohibits a court from enlarging the twenty-day time limit that Rule 4:49-2 imposes Judge Jablonski, therefore, did not abuse his discretion in denying plaintiff's motion as out-of-time.

8

Furthermore, we have expressed our disapproval of "the excessive use of motions for reconsideration."  Palumbo v. Township of Old Bridge, 243 N.J. Super. 142, 147 n.3 (App. Div. 1990).  "Motions for reconsideration were never meant to be a substitute for the filing of a timely appeal."  Ibid.  The proper course of action for plaintiff seeking to reverse Judge D'Elia's orders based on alleged errors of fact and law was an appeal to the Appellate Division, not a de facto appeal to the Assignment Judge.

We turn next to Rule 4:50-1, which governs motions to vacate a final judgment or order.  The Rule provides:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

9

"Rule 4:50-1(f), the so-called catch-all," provides relief "in exceptional situations." DEG, LLC v. Township of Fairfield, 198 N.J. 242, 270 (2009) (quoting Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)). "The rule is limited to 'situations in which, were it not applied, a grave injustice would occur.'" US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 484 (2012) (quoting Little, 135 N.J. at 289). Importantly, "[s]ubsection (f) does not include those trial errors that normally form the basis for appeal." See Pressler & Verniero, Current N.J. Court Rules, cmt. 5.6.1. on R. 4:50-1 (2023). Thus, for example, "trial errors can never in themselves justify relief under subdivision (f)." Hodgson v. Applegate, 31 N.J. 29, 40 (1959).

As our Supreme Court has explained:

> The very purpose of a Rule 4:50 motion is not, as in appellate review, to advance a collateral attack on the correctness of an earlier judgment. Rather, it is to explain why it would no longer be just to enforce that judgment. The issue is not the rightness or wrongness of the original determination at the time it was made but what has since transpired or been learned to render its enforcement inequitable.
>
> [In re Guardianship of J.N.H., 172 N.J. 440, 476 (2002).]

We add, "[t]he motion should be made to the judge who entered [the final judgment or order] if still sitting in the same court unless temporarily

unavailable or the situation is emergent."  Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 3 on <u>R.</u> 4:50-1 (2023) (citing <u>Quagliato v. Bodner</u>, 115 N.J. Super. 133 (App. Div. 1971)).  Moreover, a motion pursuant to <u>Rule</u> 4:50-1(f) must "be made within a reasonable time."  <u>R.</u> 4:50-2.

In this instance, plaintiff essentially sought to appeal Judge D'Elia's orders not to this court, but to the Assignment Judge, circumventing the time limit of <u>Rule</u> 4:49-2 and the purposes of both <u>Rule</u> 4:49-2 and <u>Rule</u> 4:50-1.  While we have held that a party is "not automatically foreclosed from relief under <u>R.</u> 4:50-1 because they failed to make a timely motion under <u>R.</u> 4:49-1" for a new trial, we also made clear that "<u>R.</u> 4:50-1 cannot be used to circumvent the time limitations of <u>R.</u> 4:49-1."  <u>Baumann v. Marinaro</u>, 95 N.J. 380, 392-93 (1984).

That same logic applies with even more force to a <u>Rule</u> 4:50-1 motion that could have been timely made as a <u>Rule</u> 4:49-2 motion, because "a motion to vacate is included within <u>R.</u> 4:49-2."  <u>Baumann</u>, 95 N.J. at 391.  Plaintiff acknowledges in her reply brief that her motion was brought pursuant to <u>Rule</u> 4:49-2 but seeks to avail herself of the time limit of <u>Rule</u> 4:50-2, stating that her motion "was timely filed . . . pursuant to Rule 4:50-1, 2," and she "specifically used the words <u>vacate</u> and <u>reconsider</u> and cited to Rule 4:50-1, 2 and Rule 4:49-

A-0692-21

2." Thus, plaintiff argues that Judge Jablonski "inappropriately failed to reconsider [Judge D'Elia's] Orders under Rule 4:49-1, 2."

We are unpersuaded. Plaintiff's argument would, in practical effect, erase the time limit imposed in Rule 4:49-2—a time limit the rules do not allow to be extended, Rule 1:3-4(c)—because, again, "a motion to vacate is [already] included within R. 4:49-2." Id. at 391. Indeed, a "motion to vacate" that "request[s] reconsideration of the matter on its merits" is properly decided as a Rule 4:49-2 motion. Casino Reinvestment Dev. Auth. v. Teller, 384 N.J. Super. 408, 413 (App. Div. 2006).

Moreover, as a motion made independently under Rule 4:50-1 and not Rule 4:49-2, plaintiff's motion is far outside of the purpose and function of the rule. Plaintiff's arguments have nothing to do with anything that "ha[d] since transpired or been learned" following Judge D'Elia's orders, and everything to do with "the rightness or wrongness of the original determination at the time it was made." J.N.H., 172 N.J. at 476. Errors of fact and law are not "exceptional situations" justifying relief under Rule 4:50-1. DEG, LLC, 198 N.J. at 270 (quoting Perillo, 48 N.J. at 341). Rather, they are the ordinary bases for an appeal. We hold no "grave injustice," Little, 135 N.J. at 289, occurs when a

party is required to present its arguments in the proper form and in the proper forum.

In sum, plaintiff's motion requesting Judge Jablonski vacate Judge D'Elia's orders was neither timely nor substantively proper. Therefore, Judge Jablonski did not abuse his discretion in denying the motion.

## III.

We next address plaintiff's contention that Judge Jablonski erred by refusing to reconsider Judge D'Elia's denial of a change in venue because, as plaintiff claims, she established "a substantial doubt that [she] would receive a fair and impartial trial in Hudson County." Rule 4:3-3(a)(2) provides in relevant part:

> In actions in the Superior Court a change of venue may be ordered by the Assignment Judge . . . of the county in which venue is laid . . . if there is a substantial doubt that a fair and impartial trial can be had in the county where venue is laid.

A trial court's decision on a motion to change venue under Rule 4:3-3(a)(2) is reviewed for an abuse of discretion. Sinderbrand v. Schuster, 170 N.J. Super. 506, 511 (Law Div. 1979); see State v. Harris, 282 N.J. Super. 409, 413 (App. Div. 1995) (explaining that "a trial court's decision that pretrial publicity

13

has been so prejudicial that a change of venue or foreign jury is required will not be disturbed on appeal except upon a showing of an abuse of discretion.").

Here, plaintiff argues that Judge Jablonski abused his discretion essentially because Judge D'Elia was biased and should have recused himself. However, plaintiff did not timely appeal or move for reconsideration of Judge D'Elia's order denying plaintiff's motion for recusal.

Plaintiff also argues that Judge Jablonski himself showed bias by voicing frustration with plaintiff's counsel and by failing to address Judge D'Elia's alleged "numerous errors of laws and facts." Plaintiff's principal argument that she could not receive a fair and impartial trial from any Hudson County judge is that "Judge Jablonski and other Hudson County Judges sees [sic] [p]laintiff's attorney as a complainer who does not like to lose." This argument is unpersuasive. The record by no means supports "substantial doubt" that most, let alone all, Hudson County judges could be fair or impartial to plaintiff.

We conclude Judge Jablonski did not act unreasonably or show bias in his assessment of the merits of plaintiff's motion. In the absence of any legal support or meaningful factual basis for plaintiff's contention that bias among Hudson County judges created substantial doubt that she could receive a fair

14

trial, Judge Jablonski did not abuse his discretion in denying plaintiff's motion to change venue.

To the extent we have not specifically addressed them, any remaining arguments raised by plaintiff lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0692-21